UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
JENNIFER NIN and DIANNE TRITSCHLER,
                              Plaintiff,                    **COMPLAINT**

          -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE
STEVEN BELLONE, SUFFOLK COUNTY POLICE
COMMISSIONER GERALDINE HART, SUFFOLK
COUNTY PISTOL LICENSING BUREAU EXECUTIVE
OFFICER SGT. WILLIAM WALSH, SUFFOLK COUNTY
COMMANDING OFFICER OF THE PISTOL LICENSING
BUREAU LIEUTENANT MICHAEL KOMOROWSKI,
PISTOL LICENSING BUREAU POLICE OFFICER MARC
SFORZA, TOWN OF ISLIP, ANGIE CARPENTER, TOWN
SUPERVISOR, DIRECTOR OF AIRPORT SECURITY
KEVIN BURKE, ISLIP TOWN PERSONNEL DIRECTOR
ARTHUR ABBATE, AIRPORT COMMISSIONER SHELLY
LAROSE-ARKEN, SUFFOLK COUNTY PISTOL LICENSING
BUREAU INVESTIGATOR NICHOLAS LORUSSO and
SUFFOLK COUNTY POLICE DEPARTMENT DETECTIVE
SGT. MICHAEL FLANAGAN,

                              Defendants.
------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 22 2019   ★

LONG ISLAND OFFICE

CV-19 1546

FEUERSTEIN, J.

TOMLINSON, M.J.

     The plaintiffs, Jennifer Nin and Dianne Tritschler, by and

through their attorneys, Young & Young, LLP, by RICHARD W. YOUNG,

SR., ESQ., brings this action to redress the violation of

plaintiffs' rights under the Constitution and Laws of the United

States and complaining of the defendants, COUNTY OF SUFFOLK,

SUFFOLK COUNTY EXECUTIVE STEVEN BELLONE, SUFFOLK COUNTY POLICE

COMMISSIONER GERALDINE HART, SUFFOLK COUNTY EXECUTIVE OFFICER

PISTOL LICENSING BUREAU SGT. WILLIAM WALSH, SUFFOLK COUNTY

COMMANDING OFFICER OF THE PISTOL LICENSING BUREAU LIEUTENANT

MICHAEL KOMOROWSKI, and PISTOL LICENSING BUREAU POLICE OFFICER

MARC SFORZA, TOWN OF ISLIP, ANGIE CARPENTER, TOWN SUPERVISOR,

DIRECTOR OF AIRPORT SECURITY KEVIN BURKE, ISLIP TOWN PERSONAL

DIRECTOR ARTHUR ABBATE, AIRPORT COMMISSIONER SHELLY LAROSE-ARKEN,

SUFFOLK COUNTY PISTOL LICENSING BUREAU INVESTIGATOR NICHOLAS

LORUSSO and SUFFOLK COUNTY POLICE DEPARTMENT DETECTIVE

SGT. MICHAEL FLANAGAN, allege as follows:

## JURISDICTION AND VENUE

(1)   This is an action pursuant to 42 U.S.C.
Section 1983 to redress the depravation under color of statute,
ordinance, regulation, custom or usage of rights, privileges and
immunities secured to plaintiffs by the First, Second, Fourth,
Fifth, and Fourteenth Amendments to the Constitution of the
United States of America:

(2)   Jurisdiction is conferred on the Court by 28
U.S.C. Section 1343 (3) which confers original jurisdiction on
Federal District Courts in suits to redress the deprivation of
rights, privileges and immunities as stated in Paragraph 2
hereof.

(3)   The plaintiffs demand a trial by jury.

## PARTIES

(4)   That in all time herein alleged, plaintiffs
Jennifer Nin and Dianne Tritschler were and are still citizens of
the United States and residents of the County of Suffolk, State
of New York.  Both plaintiffs were employed as Peace Officers
with the Town of Islip, Airport Security and as such had pistol
permits as required by their employment.  Dianne Tritschler

retired April 30, 2018 and maintained her pistol permit as a retired peace officer. Designation as a peace officer is defined under New York State Criminal Procedure Law Section §220.75. Further, she continued her compliance as a person certified under HR 218 to possess and carry firearms under Federal Law in any state, territory or jurisdiction of the United States of America. Plaintiff Jennifer Nin has maintained a pistol permit since 2003. She must maintain this permit as a requirement of her employment as a Peace Officer for the Town of Islip as an Airport Security Officer found under New York State Criminal Procedure Law Section §220.75.

(5)  At all times herein relevant defendant COUNTY OF SUFFOLK was and is within the State of New York, and is within the territory of the United States and the Eastern District.

(6)  That at all times herein relevant defendant COUNTY OF SUFFOLK is a municipal corporation duly organized and existing under the laws of the State of New York. Further, the COUNTY OF SUFFOLK was and is the policy-making and governing body and authority over the SUFFOLK COUNTY POLICE DEPARTMENT.

(7)  At all times herein relevant, defendant SUFFOLK COUNTY EXECUTIVE STEVEN BELLONE is the elected leader of defendant COUNTY OF SUFFOLK and is the chief policy maker for issues under the executive branch of SUFFOLK COUNTY, including the SUFFOLK COUNTY POLICE DEPARTMENT and upon information belief resides within the County of Suffolk, State of New York within

the venue of the United States Eastern District.

(8)  At all times herein relevant, defendant SUFFOLK COUNTY POLICE COMMISSIONER GERALDINE HART was and is employed as the Commissioner of the Suffolk County Police Department and as such is a policy maker of the policies of the SUFFOLK COUNTY POLICE DEPARTMENT.

(9)  At all times herein relevant defendant SUFFOLK COUNTY POLICE LIEUTENANT MICHAEL KOMOROWSKI was employed and still is employed as the Commanding Officer of the SUFFOLK COUNTY POLICE DEPARTMENT'S PISTOL LICENSE Section for the COUNTY OF SUFFOLK and as such is a policy maker of SUFFOLK COUNTY.

(10)  At all times herein relevant, defendant EXECUTIVE OFFICER PISTOL LICENSING BUREAU SGT. WILLIAM WALSH was/is the SUFFOLK COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING BUREAU and as such is a policy maker of SUFFOLK COUNTY.

(11) That at all times herein relevant, defendant PISTOL LICENSING BUREAU POLICE OFFICER MARK SFORZA is employed by SUFFOLK COUNTY POLICE DEPARTMENT's PISTOL LICENSING BUREAU and is the investigator assigned to plaintiffs' case.

(12) At all times herein relevant the TOWN OF ISLIP was and is within the State of New York, and is within the territory of the United States and the Eastern District.

(13) That at all times herein relevant, the TOWN OF ISLIP is a municipal corporation duly organized and existing

under the laws of the State of New York. Further, that TOWN OF ISLIP was and is the policy-making and governing body and authority over the employment of the Islip Airport Law Enforcement of MacArthur Airport.

(14) At all times herein relevant, defendant TOWN OF ISLIP SUPERVISOR ANGIE CARPENTER is the elected leader of the TOWN OF ISLIP and is the chief policy maker for issues under the executive branch of TOWN OF ISLIP, including ISLIP AIRPORT LAW ENFORCEMENT DIVISION OF MACARTHUR AIRPORT and upon information and belief resides within the County of Suffolk, State of New York within the venue of the United States Eastern District.

(15) At all times herein relevant, defendant DIRECTOR OF AIRPORT SECURITY TOWN OF ISLIP KEVIN BURKE was and is employed as the DIRECTOR OF THE AIRPORT SECURITY OF THE ISLIP AIRPORT LAW ENFORCEMENT DIVISION OF MACARTHUR AIRPORT and as such is a policy maker of the policies of the TOWN OF ISLIP AIRPORT LAW ENFORCEMENT DIVISION MACARTHUR AIRPORT.

(16) At all times herein relevant, defendant ISLIP TOWN PERSONNEL DIRECTOR ARTHUR ABBATE was and still is employed as the Personnel Director of the TOWN OF ISLIP and as such is a policy maker of TOWN OF ISLIP.

(17) At all times herein relevant, defendant SUFFOLK COUNTY POLICE DEPARTMENT DETECTIVE SGT. MICHAEL FLANAGAN is employed by the SUFFOLK COUNTY POLICE DEPARTMENT and as such is an employee of the County of Suffolk.

(18) That at all times herein relevant, defendant SUFFOLK COUNTY PISTOL LICENSING BUREAU INVESTIGATOR NICHOLAS LORUSSO is employed by the SUFFOLK COUNTY POLICE DEPARTMENT's PISTOL LICENSING BUREAU and as such is an employee of the County of Suffolk and according to defendants herein is the "expert" on New York State Law regarding the possession of weapons.

### FEDERAL CAUSES OF ACTION

(19) At all times herein relevant defendant SUFFOLK COUNTY EXECUTIVE STEVEN BELLONE was employed as the SUFFOLK COUNTY EXECUTIVE and acted under color of state law in his capacity.

(20) That at all times herein relevant, defendant SUFFOLK COUNTY POLICE COMMISSIONER GERALDINE HART was and is employed as the Commissioner of the Suffolk County Police Department by the COUNTY OF SUFFOLK, and acted under color of authority.

(21) That at all times herein relevant, defendant SUFFOLK COUNTY LIEUTENANT MICHAEL KOMOROWSKI was and still is employed as the Commanding Officer of the SUFFOLK COUNTY POLICE DEPARTMENT'S PISTOL LICENSE Section for the COUNTY OF SUFFOLK, and acted under color of authority.

(22) That at all times herein relevant, defendant WILLIAM WALSH was/is the EXECUTIVE OFFICER of the PISTOL LICENSING BUREAU, COUNTY OF SUFFOLK, and acted under color of authority as an the EXECUTIVE OFFICER of the PISTOL LICENSING

BUREAU, SUFFOLK COUNTY.

(23) That at all times herein relevant, defendant PISTOL LICENSING BUREAU POLICE OFFICER MARK SFORZA was/is employed by the COUNTY OF SUFFOLK, and acted under color of authority as an investigator for the SUFFOLK COUNTY PISTOL LICENSING BUREAU.

(24) At all times herein relevant the TOWN OF ISLIP was and is within the State of New York, and is within the territory of the United States and the Eastern District.

(25) That at all times herein relevant, the TOWN OF ISLIP is a municipal corporation duly organized and existing under the laws of the State of New York. Further, that TOWN OF ISLIP was and is the policy-making and governing body and authority over the employment of the AIRPORT LAW ENFORCEMENT DIVISION OF MACARTHUR AIRPORT.

(26) At all times herein relevant, defendant TOWN OF ISLIP SUPERVISOR ANGIE CARPENTER is the elected leader of the TOWN OF ISLIP and is the chief policy maker for issues under the executive branch of TOWN OF ISLIP, including AIRPORT SECURITY DIVISION OF MACARTHUR AIRPORT and upon information belief resides within the County of Suffolk, State of New York, within the venue of the United States Eastern District.

(27) At all times herein relevant, defendant DIRECTOR OF AIRPORT SECURITY TOWN OF ISLIP KEVIN BURKE was and is employed as the Chief of the Airport Security Division of the

ISLIP TOWN AIRPORT LAW ENFORCEMENT DIVISION MACARTHUR AIRPORT and
as such is a policy maker of the policies of the TOWN OF ISLIP
AIRPORT SECURITY DIVISION MACARTHUR AIRPORT.

(28) At all times herein relevant, defendant
ARTHUR ABBATE was and still is employed as the Personnel Director
of the TOWN OF ISLIP and as such is a policy maker of TOWN OF
ISLIP.

(29) At all times herein relevant, defendant
SUFFOLK COUNTY POLICE DEPARTMENT DETECTIVE SGT. MICHAEL FLANAGAN
is employed by the SUFFOLK COUNTY POLICE DEPARTMENT and as such
is an employee of the County of Suffolk.

(30) That at all times herein relevant, the
Defendant SUFFOLK COUNTY PISTOL LICENSING BUREAU INVESTIGATOR
NICHOLAS LORUSSO is employed by the SUFFOLK COUNTY POLICE
DEPARTMENT's PISTOL LICENSING BUREAU and is an investigator
assigned to plaintiffs' case.

(31) On or about October 1, 2018 defendant KEVIN
BURKE became the ACTING CHIEF of the TOWN OF ISLIP AIRPORT LAW
ENFORCEMENT DIVISION. His job duties are to oversee the armed
peace officers employed by the TOWN OF ISLIP who secure and
protect MacArthur Airport and enforce laws all Local, State and
Federal Laws, render aid and assistance to employees and visitors
of MacArthur Airport. Upon information and belief this was prior
to defendant CHIEF KEVIN BURKE officially retiring from the
SUFFOLK COUNTY POLICE DEPARTMENT as a Lieutenant with the

Emergency Service Section.

(32) On or about October 15, 2018, defendant KEVIN BURKE upon formally retiring from the SUFFOLK COUNTY POLICE DEPARTMENT, became the CHIEF of the TOWN OF ISLIP AIRPORT LAW ENFORCEMENT DIVISION. His job duties are to oversee the armed peace officers employed by the TOWN OF ISLIP who secure and protect MacArthur Airport and enforce all Local, State and Federal Laws, render aid and assistance to employees and visitors of MACARTHUR AIRPORT.

(33) That on or about that date defendant CHIEF KEVIN BURKE announced a personnel policy that all complaints by the officers would only be handled through the Union Grievance Process.

(34) That on or about October 29, 2018, plaintiff Jennifer Nin filed a grievance which complained about officer Robert Finn taking family leave whenever it pleased him thereby forcing the other officers to work his shifts and overtime. Ms. Nin's grievance is annexed hereto as **Exhibit "A"**.

(35) That on or about December 17, 2018, defendant CHIEF KEVIN BURKE was appointed the ACTING DIRECTOR of AIRPORT SECURITY pending a written test to be given March 2, 2019.

(36) That upon information and belief Officer Robert Finn sent a text message from email address BFINN503@GMAIL.COM (which are Officer Robert Finn's initials and shield number) to fellow Sergeant Anthony Passalacqua's wife

alleging that plaintiff Jennifer Nin and Sergeant Anthony Passalacqua were having an affair. A copy of the email text message is annexed hereto as **Exhibit "B"**. It should be noted that Officer Robert Finn vehemently denied that this was his email address and denied ever sending such a text to Sergeant Passalacqua's wife.

(37) That on or about October 29, 2018, plaintiff Jennifer Nin called fellow officer Robert Finn at work and demanded to know why he was doing this to Anthony. At that point Officer Finn hung up the phone.

(38) That on or about October 30, 2018, plaintiff Jennifer Nin confronted Officer Robert Finn during the shift change at work at approximately 1600 hrs and stated that if anything happens because of that text message you will not need FMLA because you will be a stay at home dad. This conversation was witnessed by Sergeant Craig Hatcher of the ISLIP AIRPORT LAW ENFORCEMENT DIVISION.

(39) That evening during his 4x12 shift Officer Robert Finn complained to Chief Kevin Burke about plaintiff Jennifer Nin. Chief Burke advised Officer Robert Finn to file a complaint with the Suffolk County Police Department Airport Operations Officers on duty.

(40) That upon information and belief Suffolk County Police Officers Steven Donahue and Kevin Henry responded and took a police information field report which indicated no

criminal conduct.

(41) That upon information and belief, defendant CHIEF KEVIN BURKE, a recently retired Suffolk County Police Lieutenant, contacted the 5th Precinct Crime Section seeking to have the initial report upgraded to an **aggravated harassment** criminal complaint.

(42) That further, based upon this action the Suffolk County Pistol Section was contacted and immediately suspended plaintiff Jennifer Nin's pistol license.

(43) That on or about October 31, 2018, plaintiff Jennifer Nin reported for duty at 0800 hrs. While on duty in the airport plaintiff Jennifer Nin was approached by Chief Burke who asked the plaintiff to follow him into his office. As the plaintiff approached Chief Burke's office two uniformed Suffolk County Police Officers, Sergeant Timothy Burns and Police Officer Eric Diprima, accompanied them into the office at which time Jennifer Nin was ordered to surrender her firearms and report back to the duty desk unarmed.

(44) At approximately 12:00 noon Chief Burke and the same two uniformed Suffolk County Police Officers approached plaintiff Jennifer Nin and ordered her to report home to surrender her other weapons.

(45) Upon arriving at the plaintiffs' home located in the 7th Precinct of SUFFOLK COUNTY in Middle Island, New York, with the two uniformed Suffolk County Police Officers they

entered the plaintiffs' home and retrieved Ms. Nin's other firearms and her actual pistol license.

(46) While at the home where both plaintiff Jennifer Nin and her mother, plaintiff Dianne Tritschler reside, both of the officers, Sergeant Timothy Burns and Eric Diprima, informed plaintiff Dianne Tritschler that they needed to take her weapons and pistol license as well. When plaintiff Dianne Tritschler, a retired peace officer, asked why she was informed that because she resided with her daughter Jennifer Nin they were ordered to take her weapons and license as well. Both plaintiffs cooperated with the police officers' instructions.

(47) Thereafter on October 31, 2018, plaintiff Jennifer Nin reported back to work. Upon finishing her tour of duty she received a text message from Chief Burke advising her that the next day November 1, 2018 she was required to report to Islip Town Hall at 9:00 am for a hearing.

(48) On November 1, 2018 plaintiff Jennifer Nin reported to work at MacArthur Airport at 8:00 am. At 8:30 plaintiff left the Airport to report to Town Hall. Upon arriving she was advised by her Union Officials that the Personnel Director of the Town of Islip wanted to investigate what occurred from all sides involved. Union Release Agent Frank Correira and Union Vice President Patrick DeFelice spoke with plaintiff to hear her account of the incident.

(49) Officer Robert Finn and Sergeant Craig

Hatcher went into the Director's Office with the Union Officials first. They informed the Director of Personnel their accounts of the incident. Plaintiff was then called in to give her account and she was advised by Union Release Agent Frank Correira and Union Vice President Patrick DeFelice that both Officer Finn's account and Sergeant Hatcher's account matched exactly with plaintiff Jennifer Nin's account.

(50) Plaintiff entered the room with the Union representatives and found Arthur Abbate and Chief Kevin Burke sitting in the conference room. She gave her account. All parties agreed that no physical threat was ever made. Then Arthur Abbate excused himself to confer with Chief Burke in his private office. Upon their return the plaintiff was advised that she was being placed on administrative leave and needed to report for a fitness evaluation. When questioned about the need for a Fitness for Duty Evaluation since all parties agreed that no physical threat was made, Arthur Abbate informed the plaintiff that he needed to cover all bases at the advice of Chief Burke.

(51) They then asked the plaintiff to sign a referral form for a Fitness for Duty Evaluation to National Employee Assistance Program. Plaintiff declined to sign the form as written because it stated that she threatened another officer. She was advised that she would be terminated if she didn't sign the form pursuant to an Article 75 Hearing.  Upon plaintiff's insistence the form was altered to reflect "alleged to have

threatened another officer". After the hearing the plaintiff drove to the airport to retrieve her personal property. She then received a text from Chief Burke ordering her to stay away from the airport until the matter was resolved.

(52) Upon information and belief a Fitness for Duty Evaluation was never previously sought for any PEACE OFFICER employed by the TOWN OF ISLIP AIRPORT LAW ENFORCEMENT DIVISION and had been sought solely at defendant CHIEF KEVIN BURKE's directive.

(53) On November 2, 2018, plaintiff went to the office of National Employee Assistance Program. She was advised that they could not perform the evaluation as it required a psychiatric evaluation and needed to be performed by either a psychiatrist or psychologist. The National Employee Assistance Program referred plaintiff JENNIFER NIN to one Ben Accomando, Phd.

(54) On November 9, 2018, plaintiff JENNIFER NIN reported to Ben Accomando, Phd. located at 2563 Eileen Road, Oceanside, New York 11572. The plaintiff upon arriving was asked to sign consent forms then sat with Dr. Accomando for approximately 50 minutes discussing the events. Dr. Accomando would ask brief questions while plaintiff recounted the incidents. Then plaintiff was asked to take a test comprised of approximately 350 statements, which required a response of agree with or disagree with each statement. This took approximately 35

minutes for plaintiff to carefully read each statement and properly answer.

(55) On or about November 7, 2018, plaintiff Jennifer Nin received a letter dated November 1, 2018 from the Suffolk County Pistol License Section which advised that her pistol license was suspended from the incident which occurred on October 30, 2018 pending further investigation. Said letter directed the recipient to respond with a written statement regarding the incident. The letter was signed by defendant WILLIAM WALSH. Further, the letter directed the recipient to contact defendant POLICE OFFICER MARK SFORZA if she wished to inquire about the suspension.  A copy of said letter is Annexed hereto has **Exhibit "C"**.

(56) On or about November 7, 2018, plaintiff Dianne Tritschler received a letter dated November 1, 2018 from the Suffolk County Pistol License Section which advised that her pistol license was suspended from the incident which occurred on October 30, 2018 involving Jennifer Nin and that since she resided in the same house her license was suspended pending further investigation. Said letter directed the recipient to respond with a written statement regarding the incident. The letter was signed by defendant WILLIAM WALSH. Further, the letter directed the recipient to contact defendant POLICE OFFICER MARK SFORZA if she wished to inquire about the suspension.  A copy of said letter is Annexed hereto has **Exhibit "D"**.

(57) That on November 7, 2018 plaintiff Jennifer Nin contacted defendant POLICE OFFICER MARK SFORZA of the SUFFOLK COUNTY POLICE PISTOL LICENSE BUREAU and inquired as to why there was an investigation since the TOWN OF ISLIP PERSONNEL DEPARTMENT conducted an investigation and the allegations were false. The defendant, MARK SFORZA explained that Suffolk conducts their own investigations and that plaintiff Jennifer Nin should put that in a detailed response.

(58) That on or about November 8, 2018 plaintiff DIANNE TRITSCHLER responded to the letter received from the SUFFOLK COUNTY POLICE DEPARTMENT PISTOL LICENSE BUREAU. A copy of said response is annexed hereto as **Exhibit "E"**.

(59) That on or about November 10, 2018 plaintiff JENNIFER NIN responded to the letter received from the SUFFOLK COUNTY POLICE DEPARTMENT PISTOL LICENSE BUREAU. A copy of said response is annexed hereto as **Exhibit "F"**.

(60) On or about November 14, 2018 plaintiff JENNIFER NIN was advised by her Union that she must appear at Islip Town Hall Personnel Department to meet with Director of Personnel Arthur Abbate on November 16, 2018 at 10:00 am. She was advised to bring all airport property, keys and credentials to the meeting.

(61) On November 16, 2018 plaintiff JENNIFER NIN reported as ordered to the Director of Personnel's Office. Plaintiff met with Union President Kevin Boyle, Vice President

Patrick DeFelice and Release Agent Frank Correira. The plaintiff was advised that the Town was threatening to terminate her since her pistol license was suspended since it is a condition of employment. Further, the Union was supporting her since she did nothing wrong. Upon meeting with Personnel Director Arthur Abatte plaintiff was terminated and advised to surrender all Town property and credentials.

(62)   Thereafter, the Union put in a grievance which led to pending Arbitration. Said grievance was denied.

(63) On or about November 19, 2018 plaintiff JENNIFER NIN received a copy of the Fitness for Duty Evaluation from Ben Accomando.   Said report was replete with the statements, comments and opinions of defendant CHIEF KEVIN BURKE alleging many derogatory comments these being from defendant KEVIN CHIEF BURKE who had known plaintiff JENNIFER NIN for approximately 3 weeks.   Plaintiff, Jennifer Nin has been an employee for 13 years with an unblemished work record. A copy of said Fitness for Duty Evaluation is annexed hereto as **Exhibit "G"**.

(64)   That plaintiff JENNIFER NIN went to see Joseph Stassi Phd. for a Fitness for Duty Evaluation. Plaintiff was advised that it was not possible for Ben Accomando to perform the tests he alleged in his report in the amount of time that plaintiff spent with Ben Accomando. Dr. Stassi requested that plaintiffs' attorney seek to obtain the Basis of the Evaluation from Ben Accomando Phd.

(65)   That this office sent a letter dated December 26, 2018 to Ben Accomando, Phd. demanding a copy of said report which was thereafter denied to the plaintiff or this law office on her behalf. A copy of said letter is annexed hereto as **Exhibit "H"**.

(66) Dr. Accomando forwarded this office's letter dated December 26, 2018 to PSYBAR. A copy of Laura Kosbab (Sr. Assessment Coordinator) for PSYBAR's letter dated January 7, 2019 to this office is annexed hereto as **Exhibit "I"**.

(67) Please see Joseph A. Stassi's letter dated March 7, 2019 which requests a copy of the basis of Dr. Accomando's evaluation which was sent to the Town of Islip annexed hereto as **Exhibit "J"**.

(68) On or about the week of December 17, 2018 plaintiff Jennifer Nin contacted the Suffolk County Pistol License Section. She spoke with defendant POLICE OFFICER MARK SFORZA and asked when she would receive her pistol license back. She further explained that Officer Robert Finn refused to sign any statements regarding the incident and refused to sign any complaint. She was advised by defendant POLICE OFFICER MARK SFORZA that a complaint and a criminal charge may possibly be lodged against her by Officer Robert Finn for up to one year, despite the fact that all parties including Officer Robert Finn agreed that there was never a threat of physical harm.

(69) Plaintiff JENNIFER NIN advised that she was

losing her employment of over 13 years due to the suspension and
that she needed to obtain her license to save her job. Defendant
POLICE OFFICER MARK SFORZA stated her employment was of no
concern to the SUFFOLK COUNTY POLICE DEPARTMENT PISTOL LICENSE
BUREAU. Plaintiff Jennifer Nin then stated to defendant POLICE
OFFICER MARK SFORZA that this was a violation of her civil
rights. Defendant POLICE OFFICER SFORZA became very defensive and
stated that they were not violating her rights and that they had
up to 18 months to finish their investigation.

(70) Plaintiff JENNIFER NIN possessed a patrol
rifle pursuant to New York State Criminal Procedure Law §210.(75)
as a peace officer. Upon being placed on administrative leave she
tendered her weapon to Anthony Passalacqua, a fellow officer.

(71) Upon information and belief, between November
4, 2018 and November 21, 2018, defendant CHIEF KEVIN BURKE
finding a patrol rifle in the Airport Law Enforcement Office and
believing it belonged to plaintiff JENNIFER NIN, seized said
weapon and removed it to his home.

(72) Upon returning to work on November 22, 2018,
Sergeant Anthony Passalacqua returned to work at the MacArthur
Airport and discovered his patrol rifle was removed from his
office. Fellow officers advised him that defendant CHIEF KEVIN
BURKE had removed same believing that it belonged to plaintiff
JENNIFER NIN.

(73) Sergeant Passalacqua texted defendant CHIEF

KEVIN BURKE regarding his removal of HIS patrol rifle from the Airport Law Enforcement Office. Defendant CHIEF KEVIN BURKE advised that he had a weapon but he believed it was plaintiff JENNIFER NIN's weapon. Sergeant Passalacqua asked him to bring it back to work the next day he was working which was November 26, 2018.

(74) On November 26, 2018 Sergeant Passalacqua returned to work and reported to defendant CHIEF KEVIN BURKE seeking his patrol rifle. During a lengthy conversation defendant CHIEF BURKE stated that other officers said that weapon could be plaintiff JENNIFER NIN's weapon. Sergeant Passalacsqua then stated "Do I have to prove to you it's my weapon?". Defendant CHIEF KEVIN BURKE stated that it would be great if Sergeant Passalacqua would prove to him it was in fact his weapon and not plaintiff JENNIFER NIN's weapon.

(75) Sergeant Passalacqua the Certified Instructor for Patrol Rifles for the MacArthur Airport Law Enforcement Division, trained and certified by the SUFFOLK COUNTY POLICE DEPARTMENT for such position, produced the Federal Firearms License Log which he maintained. The log demonstrated that this weapon was not the weapon previously registered to plaintiff JENNIFER NIN.

(76) At that point defendant CHIEF KEVIN BURKE took a picture of the log entry and asked for a photocopy of the log page. Defendant CHIEF KEVIN BURKE then returned the patrol

rife to Sergeant Passalacqua.

(77)   On December 10, 2018 plaintiff JENNIFER NIN received a voice mail from Det. Sgt. Michael Flanagan from the Suffolk County Police Department 6th precinct stating that he needed to talk to plaintiff JENNIFER NIN.

(78)   On December 11, 2018 plaintiff JENNIFER NIN received a second voice mail from Det. Sgt. Michael Flanagan from the 6th precinct stating that situation is not going to go away if I don't hear from you and I am going to stop by at the house so you have to call me right away. However, plaintiff JENNIFER NIN was visiting with friends out of state and did not receive these messages until December 14, 2018.

(79) That on December 11, 2018 Det. Sgt. Michael Flanagan of the 6th precinct appeared at plaintiff JENNIFER NIN's home in the 7th precinct and spoke to plaintiff DIANNE TRITSCHLER. He was advised by plaintiff DIANNE TRITSCHLER that her daughter plaintiff JENNIFER NIN was away visiting girlfriends and would return Friday December 14, 2018. Det. Sgt. Michael Flanagan left his business card stating that plaintiff JENNIFER NIN must call him immediately upon her return home.  He refused to state the reason for his seeking to speak with plaintiff JENNIFER NIN.

(80)   Plaintiff DIANNE TRITSCHLER contacted Sergeant Anthony Passalacqua and advised him of the visit. Sergeant Passalacqua immediately contacted Det. Sgt. Michael

Flanagan and asked what this was in reference to. Det. Sgt. Michael Flanagan advised that plaintiff JENNIFER NIN was in possession of an illegal weapon, i.e. the patrol rifle. Sergeant Passalacqua advised that she had tendered the weapon to him when she was placed on administrative leave.

(81)   On December 12, 2018 Det. Sgt. Michael Flanagan appeared at Sergeant Anthony Passalacqua's place of business which is located in the 5th police precinct of the SUFFOLK COUNTY POLICE DEPARTMENT and stated he was there for plaintiff JENNIFER NIN's weapon. Sergeant Passalacqua advised that it was no longer her weapon and had been legally tendered to him under the law.  Sergeant Passalacqua inquired as to why a Det. Sgt. from the 6th precinct was attempting to seize a weapon from the 7th precinct and was now in the 5th precinct looking for said weapon. Det. Sgt. Micheal Flanagan was perplexed himself and admitted the complainant was CHIEF KEVIN BURKE alleging her possession of a weapon which was only authorized by her prior employment.

(82)   After a discussion ensued about the weapon and Sergeant Anthony Passalacqua's insistence that it was no longer plaintiff JENNIFER NIN's weapon, Det. Sgt. Micheal Flanagan went outside of the licensed firearms training center, he returned and claimed that Sergeant Anthony Passalacqua was not authorized to possess such a weapon under the New York Safe Act. Sergeant Anthony Passalacqua called the New York State Police Gun

Desk in front of Det. Sgt. Michael Flanagan and was advised that Airport Law Enforcement were authorized to possess such weapons. Det. Sgt. Michael Flanagan refused to speak with the New York State Police on the telephone. He further stated that his go to person was a civilian in the SUFFOLK COUNTY PISTOL LICENSING BUREAU named Nicholas Lorusso and that he determined that Sergeant Anthony Passalacqua was a non-exempt Peace Officer under New York State Criminal Procedure Law §2.10 Sub 75 and therefore pursuant to the Safe Act could not possess this type of weapon. Sergeant Anthony Passalacqua advised that he was trained by the SUFFOLK COUNTY POLICE DEPARTMENT to be trained in the use of these weapons and then he was trained by the SUFFOLK COUNTY POLICE DEPARTMENT to train officers for the Airport Law Enforcement after enactment of the Safe Act. Sergeant Passalacqua further advised that several officers carry these weapons at the airport as part of their duties. This was of no avail. At that time Det. Sgt. Michael Flanagan seized five weapons from Sergeant Passalacqua.

(83)  Det. Sgt. Michael Flanagan stated to Sergeant Anthony Passalacqua's partner at Front Line Training Center, one Glen Klein who is a retired NYPD Detective, that "If Sergeant Anthony Passalacqua just gave us plaintiff JENNIFER NIN's gun then none of this would be happening and we would have been out of here".

(84)  On or about December 21, 2018 Sergeant

Anthony Passalacqua received a text from Airport Commissioner Shelley LaRose-Arken advising him that he was suspended and should not report to work. Please see a copy of the text message from Airport Commissioner Shelley LaRose-Arken to Sergeant Anthony Passalacqua annexed hereto as **Exhibit "K"**.

(85)   On that date Sergeant Anthony Passalacqua called the Airport Security Officer and was advised that SUFFOLK COUNTY POLICE OFFICER Michael Canavaciol had broken into his locker to seize his duty weapons, leaving both unsecured with other personal property therein. Upon returning home Sergeant Anthony Passalacqua received a letter from the SUFFOLK COUNTY POLICE DEPARTMENT PISTOL LICENSE BUREAU signed by SUFFOLK COUNTY POLICE LIEUTENANT MICHAEL KOMOROWSKI dated December 19, 2018 which stated that pending investigation his pistol license is revoked and ordering him to surrender his license and any weapons in his possession by December 25, 2018. A copy of said letter is annexed hereto as **Exhibit "L"**.

(86)   On or about December 21, 2018 retired NYPD Detective Glen Klein was notified by letter from the SUFFOLK COUNTY POLICE DEPARTMENT PISTOL LICENSE BUREAU signed by SUFFOLK COUNTY POLICE LIEUTENANT MICHAEL KOMOROWSKI and dated December 19, 2018 that stated that pending investigation his pistol license is revoked and ordering him to surrender his license and any weapons in his possession by December 25, 2018. A copy of said letter is annexed hereto as **Exhibit "M"**.

(87)   On or about January 4, 2018 Sergeant Anthony
Passalacqua was terminated from the TOWN OF ISLIP AIRPORT LAW
ENFORCEMENT DIVISION by the defendants TOWN OF ISLIP, DIRECTOR OF
PERSONNEL ARTHUR ABBATE, CHIEF KEVIN BURKE and AIRPORT
COMMISSIONER SHELLY LAROSE-ARKEN.

(88)   Based upon these facts and the policy of the
Suffolk County Police Department Pistol License Section they will
not reinstate plaintiff's license which would allow her to return
to her employment. A review reveals that Suffolk County is
maintaining an unconstitutional policy which they openly enforce
but refuse to reveal when legally demanded to do so.

(89)   Plaintiff Jennifer Nin applied for
unemployment insurance through the State of New York Division of
Labor. She was denied unemployment because the TOWN OF ISLIP,
DEPARTMENT OF PERSONNEL had informed the investigator for New
York State that she voluntarily resigned from employment.
Thereafter, she filed an appeal with Department of Labor seeking
a hearing. She was contacted by the investigator who stated that
the Administrative Law Judge simply wanted to know if her pistol
license was suspended due to an arrest or criminal charges.
Plaintiff explained that no criminal charges were ever filed
against her. Shortly thereafter plaintiff was awarded her
unemployment benefits.

(90)   That the plaintiff's Union filed an appeal
seeking an arbitrator to overturn the decision of the defendant

TOWN OF ISLIP and ARTHUR ABBATE. Notwithstanding, she has been informed that having a pistol license is a job requirement and that unless defendant COUNTY OF SUFFOLK reinstates her pistol license she will not be able to prevail.

(91)    That on January 24, 2018 an arbitration commenced before the Hon. Roger E. Maher. Town Counsel, Lisa M. Griffith, argued that having a pistol license is a job requirement. Union Attorneys argued that plaintiff Jennifer Nin was a faithful employee with 13 years of dedicated service without ever having any disciplinary problem. They also argued that she should be placed on administrative leave without pay until the matter was resolved with the Suffolk County Pistol License Section since there was no wrong doing.

(92)    That the Arbitrator adjourned the hearing pending the Town of Islip providing documentation as to other employees allowed to retain their position even if a requirement of employment had been suspended. Airport Law Enforcement Officer Alan Schatz had no pistol license for 1 year and was not terminated.

(93)    The Penal Law requires an immediate hearing if a pistol license is taken pursuant to the issuance of an Order of Protection under NYS Penal Law §400.00.

(94)    That plaintiff Jennifer Nin was a faithful peace officer with a 13 year career with the TOWN OF ISLIP AIRPORT SECURITY DIVISION MACARTHUR AIRPORT. She never had any

employment issues during all those years of dedicated service. That since she is not charged with anything she is entitled to a hearing under the Penal Law of New York State.

(95) On many occasions plaintiff Jennifer Nin has encountered people she dealt with at the airport in law enforcement situations.

(96) Likewise, plaintiff Dianne Tritschler had 16 years of service as an armed peace officer without issue. She retired in good standing and as such was entitled to maintain her right to carry a firearm. Like her daughter she regularly runs into persons known to her from enforcement actions taken at the airport during her law enforcement career.

**As and for a First Cause of Action**

(97) That the acts and conduct of the defendants hereinabove alleged in detail in Paragraphs "1" through "95" are a denial of both plaintiffs' rights under the Second Amendment, as well as their rights to due process.

(98) That  plaintiff JENNIFER NIN's First Amendment right to speak protected by the First Amendment was denied her by the defendants herein.

(99) That plaintiff JENNIFER NIN's Second Amendment Constitutional rights were denied her by using the violation of her First Amendment rights to remove her Second Amendment rights by the defendants herein.

(100) That with absolutely no authority or

cognizable reason the plaintiff DIANNE TRITSCHLER's Second Amendment rights were and continue to be denied her by the defendants herein.

(101) As a direct and proximate result of the foregoing, plaintiff JENNIFER NIN has sustained and continues to sustain injury and damages consisting of loss of income, loss of pension, suffered fear, shock, fright, emotional distress and embarrassment all to her damage for which the defendants are liable jointly and severally.

(102) As a direct and proximate result of the foregoing, plaintiff DIANNE TRITSCHLER has sustained and continues to sustain injury and damage consisting of suffered fear, shock, fright, emotional distress and embarrassment all to her damage for which the defendants are liable jointly and severally liable for.

(103) That the defendants are indebted to plaintiff JENNIFER NIN for an amount of money to be determined by a trier of fact for the constitutional rights violations of the defendants.

(104) That the defendants are indebted to plaintiff DIANNE TRITSCHLER for an amount of money to be determined by a trier of fact for the constitutional rights violations of the defendants.

(105) Due to SUFFOLK COUNTY's illegal and unconstitutional policies plaintiffs JENNIFER NIN and DIANNE

TRITSCHLER have been damaged. That SUFFOLK COUNTY AND THE SUFFOLK COUNTY POLICE DEPARTMENT have numerous policies for suspending and indefinitely investigating suspensions thereby denying citizens rights under the Second Amendment of the United States Constitution.

(106) That New York State has passed restrictive gun laws. However, the United States has passed HR218/S1132 which exempts retired law enforcement officers who qualify annually with the police issued firearms at a law enforcement range. Plaintiff DIANNE TRITSCHLER has maintained her pistol license under New York State Penal Law §400, as well as maintaining her exemptions under HR218/S1132. The COUNTY OF SUFFOLK has seized valuable property from plaintiff DIANNE TRITSCHLER and her right to protect herself for absolutely no valid reason other than that she resides with her daughter.

(107) That the defendants intentionally violated the Second Amendment of the United States Constitution by refusing to issue or refusing to return an individual's right to carry a firearm. That such conduct is illegal. That plaintiffs seek to have a Special Federal Court Monitor appointed to oversee all negative actions and decisions taken by the Suffolk County Police Department's Pistol Licensing Section.

### As and for a Third Cause of Action

(108) That the defendants intentionally violated the First and Second Rights under the United States Constitution

and did thereby violate the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution by seizing plaintiffs' property and holding same without legal authority and without just compensation, without due process, and thereby caused plaintiff JENNIFER NIN to suffer severe punishment and loss of employment, medical benefits, pension rights based upon a verbal dispute between to co-workers. That such conduct is illegal. That plaintiffs seek to have a Special Federal Court Monitor appointed to oversee all negative actions and decisions taken by the Suffolk County Police Department's Pistol Licensing Section.

### As and for a Fourth Cause of Action

(109) That the defendants intentionally violated plaintiff's Eighth Amendment of the United States Constitution by seizing plaintiff JENNIFER NIN's firearms in that their joint actions have caused her to be punished excessively with loss of employment, benefits (including medical) pension rights and benefits and other losses to be presented to a trier of fact. That such conduct is illegal. That plaintiffs seek to have a Special Federal Court Monitor appointed to oversee all negative actions and decisions taken by the Suffolk County Police Department's Pistol Licensing Section.

### As and for a Fifth Cause of Action

(110) That the defendants joined in a conspiracy to terminate plaintiff JENNIFER NIN's employment with the Town of

Islip, and having no ability to do so under the protections of Civil Service Law did thereby embark upon intentionally violating her rights guaranteed her under the United States Constitution to accomplish their objective.

**WHEREFORE:** Plaintiffs demand judgment against the defendants as follows:

A.   On the Federal Causes of Action pursuant to 42 U.S.C. Section 1983 for compensatory damages in the amount to be determined by the triers of fact against the defendants in naming them all jointly and severally;

B.   Against the individual defendants for punitive damages in a sum to be determined by the triers of fact;

C.   Appointment of Special Federal Court Monitor appointed to review all of the Suffolk County Police Department's pistol licensing polices and determinations regarding the revocation, suspension and denial of pistol licenses;

D.   Reasonable attorneys fees pursuant to 42 U.S.C. Section 1988 and the costs of disbursements in this action.

Dated:   Central Islip, New York
         March 20, 2019

Richard W. Young, Esq. (RWY 7633)
Young & Young, LLP.
Attorney for Plaintiffs
863 Islip Avenue
Central Islip, N.Y. 11722
(631) 224-7500