FEDERAL DISTRICT COURT, EASTERN DISTRICT
OF THE STATE OF NEW YORK
-------------------------------------------X
JENNIFER NIN and DIANNE TRITSCHLER,

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE
STEVEN BELLONE, SUFFOLK COUNTY POLICE
COMMISSIONER GERALDINE HART, SUFFOLK
COUNTY PISTOL LICENSING BUREAU EXECUTIVE
OFFICER SGT. WILLIAM WALSH, SUFFOLK COUNTY
COMMANDING OFFICER OF THE PISTOL LICENSING
BUREAU LIEUTENANT MICHAEL KOMOROWSKI,
PISTOL LICENSING BUREAU POLICE OFFICER MARC
SFORZA, TOWN OF ISLIP, ANGIE CARPENTER, TOWN
SUPERVISOR, DIRECTOR OF AIRPORT SECURITY
KEVIN BURKE, ISLIP TOWN PERSONNEL DIRECTOR
ARTHUR ABBATE, AIRPORT COMMISSIONER SHELLY
LAROSE-ARKEN, SUFFOLK COUNTY PISTOL LICENSING
BUREAU INVESTIGATOR NICHOLAS LORUSSO and
SUFFOLK COUNTY POLICE DEPARTMENT DETECTIVE
SGT. MICHAEL FLANAGAN,

                              Defendants.

-------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ **MAR 22 2019** ★

LONG ISLAND OFFICE

**ATTORNEY'S
AFFIRMATION**

# CV-19 1546

FEUERSTEIN, J.

TOMLINSON, M.J.

    **RICHARD W. YOUNG,** an attorney duly licensed to practice law

in the State of New York, hereby affirms under penalty of perjury

the following:

    (1)  I am counsel for the plaintiffs, JENNIFER NIN

and DIANNE TRITSCHLER, herein, and as such am fully familiar with

all the facts and circumstances and proceedings heretofore.

    (2)  I submit this affirmation in support of this

<u>Order to Show Cause</u> to seek the return of plaintiffs' pistol

licenses and weapons seized by the SUFFOLK COUNTY POLICE PISTOL

LICENSE SECTION so that plaintiffs, JENNIFER NIN and DIANNE TRITSCHLER, can pick up their property currently being held by the SUFFOLK COUNTY POLICE DEPARTMENT.

(3)    No prior application for this matter or similar relief has been made to this or any other court.

(4)    That the facts well stated in the complaint and the affidavits annexed hereto need not be repeated.

(5)    The relevant case law regarding this matter is found in **District of Columbia v. Heller**, 554 U.S. 570 March 18, 2008. Which without any doubt declared the right to possess a firearm under the Second Amendment is a fundamental right guaranteed to the citizen.    Thereafter, in **McDonald v. City of Chicago**, 561 U.S. 742 March 2, 2010 the Supreme Court held:

> "Municipal respondents argue, finally, that the right
> to keep and bear arms is unique among the rights set
> out in the first eight Amendments "because the reason
> for codifying the Second Amendment (to protect the
> militia) differs from the purpose (primarily, to use
> firearms to engage in self-defense) that is claimed to
> make the right implicit in the concept of ordered
> liberty." Brief for Municipal Respondents 36-37.
> Municipal respondents suggest that the Second Amendment
> right differs from the rights heretofore incorporated
> because the latter were "valued for [their] own sake."
> Id., at 33. But we have never previously suggested that
> incorporation of a right turns on whether it has
> intrinsic as opposed to instrumental value, and quite a
> few of the rights previously held to be incorporated-
> -for example the right to counsel and the right to
> confront and subpoena witnesses--are clearly
> instrumental by any measure. Moreover, this contention
> repackages one of the chief arguments that we rejected
> in **Heller**, i.e., that the scope of the Second Amendment
> right is defined by the immediate threat that led to
> the inclusion of that right in the Bill of Rights. In
> **Heller**, we recognized that the codification of this

right was prompted by fear that the Federal Government
would disarm and thus disable the militias, but we
rejected the suggestion that the right was valued only
as a means of preserving the militias. 554 U.S., at
598-599, 128 S. Ct. 2783, 171 L. Ed. 2d at 661. On the
contrary, we stressed that the right was also valued
because the possession of firearms was thought to be
essential for self-defense. As we put it, self-defense
was "the central component of the right itself".

Finally and most recently in **Caetano v. Massachusetts**, 136

S. Ct. 1027, 194 L. Ed. 2d 99 (2016) (per curiam), the Supreme

Court reaffirmed its holding in **Heller**, reiterating that the

Second Amendment extends to arms that were not in existence at

the time of the founding and does not protect only those weapons

useful in warfare, while determining a restriction on Tasers.

(6)  Since there is no argument about the

constitutional right to own and possess a weapon your affiant now

turns to the case at bar. Herein, based on an argument between

two co-workers that was originally marked non criminal and then

elevated to criminal **aggravated harassment** justifying the removal

of plaintiff JENNIFER NIN's pistol license and her weapons.

Further, the defendants allege that charges can be instituted

against her for a period of one year or more and that the County

of Suffolk Police Department has up to a year and

one-half to investigate this matter. This position has led to the

plaintiff losing of employment. However, this is a fraudulent

claim. Please see, **People v Golb**, 23 N.Y.3d 455, 15 N.E.3d 805,

991 N.Y.S.2d 792 Court of Appeals of New York decided March 25, 2014 which ruled this statute unconstitutional. As stated by the Court:

> "In **People v Dietze**, (75 NY2d 47, 549 NE2d 1166, 550 NYS2d 595 [1989]), this Court struck down a similar harassment statute, former Penal Law §240.25, which prohibited the use of abusive or obscene language with the intent to harass, annoy or alarm another person. We determined that the statute was unconstitutional under both the State and Federal Constitutions, noting that "any proscription of pure speech must be sharply limited to words which, by their utterance alone, inflict injury or tend naturally to evoke immediate violence" (id. at 52)."

> "The reasoning applied in **Dietze** applies equally to our analysis of Penal Law §240.30(1)(a). The statute criminalizes, in broad strokes, any communication that has the intent to annoy. Like the harassment statute at issue in **Dietze**, "no fair reading" of this statute's "unqualified terms supports or even suggests the constitutionally necessary limitations on its scope" (id. at 52; see also **People v Dupont**, 107 AD2d 247, 253, 486 NYS2d 169 [1st Dept 1985] [observing that the statute's vagueness is apparent because "(i)t is not clear what is meant by communication 'in a manner likely to cause annoyance or alarm' to another person"]). And, as in **Dietze**, "we decline to incorporate such limitations into the statute by judicial construction" because that would be "tantamount to wholesale revision of the Legislature's enactment, rather than prudent judicial construction" (id. at 52, 53)."

Three federal judges have already found this statute unconstitutional (see **Vives v City of New York**, 305 F Supp 2d 289, 299 [SD NY 2003, Scheindlin, J.], revd on other grounds 405 F3d 115 [2d Cir 2005] ["where speech is regulated or proscribed based on its content, the scope of the effected speech must be clearly defined"]; see also **Vives** 405 F3d 115, 123-124 [2d Cir 2005, Cardamone, J., dissenting in part, concurring in part] [Penal Law § 240.30(1) unconstitutional on its face and as applied]; **Schlagler v Phillips**, 985 F Supp 419, 421 [SD NY 1997, Brieant, J.], revd on other grounds 166 F3d 439 [2d Cir 1999] [statute is "utterly repugnant to

the First Amendment of the United States Constitution
and also unconstitutional for vagueness"])."

"Accordingly, we conclude that Penal Law §240.30(1) is
unconstitutional under both the State and Federal
Constitutions, and we vacate defendant's convictions on
these counts."

(7)   Thus, the claims of defendants and the
injuries that resulted are based upon a penal law statute that
the Federal Court of Appeals found to be "utterly repugnant to
the First Amendment of the United States Constitution and also
unconstitutional for vagueness". Then utilizing this violation of
plaintiff JENNIFER NIN's First Amendment of the United States
Constitution to justify the violation of the plaintiff's Second
Amendment of the United States Constitution.

(8)   Plaintiffs are active and retired peace
officers as defined under New York State Criminal Procedure Law
§2.10 Sub 75. Further, the powers of a peace officer are defined
in New York State Criminal Procedure Law §2.20.  Finally, New
York State Penal Law §265.20 exempts peace officers defined under
New York State Criminal Procedure Law §2.10 from New York State
Penal Statutes related to weapons. Moreover HR219/S1132 makes a
qualified holder exempt to all State Laws requiring registration,
ownership, possession or transfer of weapons.

(9)   That it is abundantly clear that the
defendants embarked upon this in a conspiracy to target her and
seek her removal, for whatever reason, when none was available
under Civil Service Law. This is made more clear when it is shown

that other persons in the same position of employment had their pistol licenses suspended during actual criminal proceedings and were not terminated. Thus, triggering violations of her rights under the FOURTH, FIFTH, EIGHTH and FOURTEENTH Amendments of the United States Constitution.

(10) That plaintiff DIANNE TRITSCHLER's rights under the Second Amendment of the United States Constitution were then violated by the unlawful policies of the defendants, SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT, which authorized the obliteration of the Second Amendment based upon a policy which authorizes the seizure of weapons of persons living in the same home as a person whose pistol license was suspended with or without authority.

(11) Such illegal policy then violated DIANNE TRITSCHLER's rights under the FOURTH, FIFTH, EIGHTH and FOURTEENTH Amendments of the United States Constitution.

WHEREFORE, your affiant respectfully requests that the Order to Show Cause be granted which seeks to receive an order which directs that the pending arbitration between the defendant TOWN OF ISLIP and plaintiff JENNIFER NIN be stayed until further order of this Honorable Court and;

Further, orders defendant, Suffolk County Police Department Pistol License Section, to return the plaintiffs' pistol licenses and firearms which were seized, together with such other and further relief as to this Court seems just and proper and;

Further, that this Honorable Court issue an order that defendant, TOWN OF ISLIP, be ordered to turn over all records related to this matter in **"native format"**, including notes, memoranda, text messages, e-mails, interoffice and instant messages, and provide the entire report, including the Basis on Knowledge of Dr. Ben Accomando from an examination of plaintiff JENNIFER NIN held on or about November 9, 2018; and it is hereby further ordered;

That this Honorable Court issue an order that defendants, SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT, turn over all written policies regarding suspension of pistol licenses, all documents related to this case including notes, memoranda, text messages, e-mails, interoffice, instant messages, letters and investigative notes in **"native format"**.

RICHARD W. YOUNG, ESQ. (RWY 7633)

Affirmed this 21st day of March, 2019
Central Islip, New York