UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JENNIFER NIN and DIANNE TRITSCHLER,

                              Plaintiff,      **AFFIDAVIT IN SUPPORT**
                                                                                   **OF ORDER TO**
     -against-                                **SHOW CAUSE**

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE
STEVEN BELLONE, SUFFOLK COUNTY POLICE
COMMISSIONER GERALDINE HART, SUFFOLK
COUNTY PISTOL LICENSING BUREAU EXECUTIVE
OFFICER SGT. WILLIAM WALSH, SUFFOLK COUNTY
COMMANDING OFFICER OF THE PISTOL LICENSING
BUREAU LIEUTENANT MICHAEL KOMOROWSKI,
PISTOL LICENSING BUREAU POLICE OFFICER MARC
SFORZA, TOWN OF ISLIP, ANGIE CARPENTER, TOWN
SUPERVISOR, DIRECTOR OF AIRPORT SECURITY
KEVIN BURKE, ISLIP TOWN PERSONNEL DIRECTOR
ARTHUR ABBATE, AIRPORT COMMISSIONER SHELLY
LAROSE-ARKEN, SUFFOLK COUNTY PISTOL LICENSING
BUREAU INVESTIGATOR NICHOLAS LORUSSO and
SUFFOLK COUNTY POLICE DEPARTMENT DETECTIVE
SGT. MICHAEL FLANAGAN,

                              Defendants.
----------------------------------------X

**FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 22 2019 ★
LONG ISLAND OFFICE**

**CV-19 1546**

**FEUERSTEIN, J.**

**TOMLINSON, M.J.**

STATE OF NEW YORK)
                ) ss.:
COUNTY OF SUFFOLK)

    I, Anthony Passalacqua, being duly sworn deposes and states under penalties of perjury as follows:

    (1)  That I was hired as a Peace Officer for MacArthur Airport in April of 2003. I worked there with an unblemished record for over 16 years.

    (2)  That I was promoted to the rank of Sergeant at the MacArthur Airport Security Division in April of 2018.

    (3)  That I informed plaintiff JENNIFER NIN that my wife

received a text message, upon information and belief, from Officer Robert Finn who sent the text message from email address BFINN503@GMAIL.COM (which is Officer Robert Finn's initials and shield number) to my wife alleging that plaintiff JENNIFER NIN and I were having an affair. A copy of the email is annexed hereto as **Exhibit "B"**. It should be noted that Officer Robert Finn vehemently denied that this was his email address and denied ever sending such a text to my wife. I believe that he may be telling the truth.

(4) That on or about October 29, 2018, I was present when plaintiff JENNIFER NIN called fellow officer Robert Finn at work and demanded to know why he was doing this to me. She was very loud and he was holding the phone away from her ear and I could hear the conversation. He denied sending the text and hung up. At no time during that phone conversation did plaintiff JENNIFER NIN threaten any physical harm to him. She was yelling that this would cost him his job. At that point Officer Finn hung up on plaintiff JENNIFER NIN.

(5) I am fully aware of the facts regarding plaintiff JENNIFER NIN and I have read her affidavit and those facts are known to me to be correct and accurate.

(6) Upon information and belief, between November 4, 2018 and November 21, 2018, I was on vacation. The defendant CHIEF KEVIN BURKE found my patrol rifle behind the security desk in my office at the Airport Law Enforcement Office and believing it

belonged to plaintiff JENNIFER NIN seized said weapon and removed it to his home.

(7) Upon returning to work on November 22, 2018, I discovered my patrol rifle was removed from my office. Fellow officers advised me that defendant CHIEF KEVIN BURKE had removed same believing that it belonged to plaintiff JENNIFER NIN.

(8) I immediately texted defendant CHIEF KEVIN BURKE who was not at work regarding his removal of my patrol rifle from my office at the Airport Law Enforcement Headquarters. Defendant CHIEF KEVIN BURKE advised that he had a weapon but he believed it was plaintiff JENNIFER NIN's weapon. I informed him that it was mine and asked him to bring it back to work the next day he was working which was November 26, 2018. A copy of said text is annexed hereto as **Exhibit "O"**.

(9) On November 26, 2018, when defendant CHIEF KEVIN BURKE returned to work I reported to defendant CHIEF KEVIN BURKE seeking my patrol rifle. During a lengthy conversation defendant CHIEF KEVIN BURKE stated that other officers said that the weapon could be plaintiff JENNIFER NIN's weapon.

(10) I then stated "Do I have to prove to you that it's my weapon?". Defendant CHIEF KEVIN BURKE stated that it would be great if I would prove to him that it was in fact my weapon and not the plaintiff JENNIFER NIN's weapon.

(11) I am the Certified Instructor for patrol rifles for MacArthur Airport Law Enforcement Division, trained and certified

by the SUFFOLK COUNTY POLICE DEPARTMENT for such position. I produced the Federal Firearms License Log which I maintained for this purpose. The log demonstrated that this weapon was in fact mine and not the weapon previously registered to plaintiff JENNIFER NIN.

(12) At that point defendant CHIEF KEVIN BURKE took a picture of the log entry and asked for a photocopy of the log page. Defendant CHIEF KEVIN BURKE then returned the patrol rife to me.

(13) Upon information and belief on December 11, 2018 Det. Sgt. Michael Flanagan of the 6th precinct appeared at plaintiff JENNIFER NIN's home in the 7th precinct and spoke with her mother plaintiff DIANNE TRITSCHLER. He was advised by plaintiff DIANNE TRITSCHLER that plaintiff JENNIFER NIN was away visiting girlfriends and would return Friday December 14, 2018. Det. Sgt. Michael Flanagan left his business card stating that plaintiff JENNIFER NIN must call him immediately upon her return home. He refused to state the reason for his seeking plaintiff JENNIFER NIN.

(14) Plaintiff DIANNE TRITSCHLER contacted me and advised me that Det. Sgt. Michael Flanagan had just been there looking for JENNIFER NIN. I immediately contacted Det. Sgt. Michael Flanagan of the 6th police precinct and asked what this was in reference to. Det. Sgt. Michael Flanagan advised that plaintiff JENNIFER NIN was in possession of an illegal weapon i.e. the patrol rifle.

(15) I advised that plaintiff JENNIFER NIN had tendered the weapon to him when she was placed on administrative leave.

(16) On December 12, 2018 Det. Sgt. Michael Flanagan appeared at my place of business, Front Line Training Center, located in the 5th police precinct of the SUFFOLK COUNTY POLICE DEPARTMENT and stated that he was there for plaintiff JENNIFER NIN's weapon. I advised that it was no longer her weapon and had been legally tendered to me under the law. I inquired as to why a Detective Sergeant from the 6th precinct was attempting to seize a weapon from the 7th precinct and was now in the 5th precinct, further advising that MacArthur Airport is also in the 5th precinct, looking for said weapon. Det. Sgt. Michael Flanagan was perplexed himself and admitted that the complainant was defendant CHIEF KEVIN BURKE alleging plaintiff JENNIFER NIN's possession of a weapon which was only authorized by her prior employment.

(17) After a discussion ensued about the weapon and my insistence that it was no longer plaintiff JENNIFER NIN's weapon Det. Sgt. Michael Flanagan went outside of the licensed firearms training center. He returned and claimed that I was not authorized to possess such a weapon under the New York Safe Act. I immediately called the New York State Police Gun Desk in front of Det. Sgt. Michael Flanagan and was advised that Airport Law Enforcement were authorized to possess such weapons. Det. Sgt. Michael Flanagan refused to speak with the New York State Police on the telephone. He further stated that his go to person was a

civilian in the SUFFOLK COUNTY PISTOL LICENSING BUREAU named Nicholas Lorusso and that he determined that I was a non-exempt Peace Officer under the New York State Criminal Procedure Law §2.10 Sub 75 and therefore pursuant to the Safe Act could not possess this type of weapon. I advised him that I was trained by the SUFFOLK COUNTY POLICE DEPARTMENT in the handling and use of these weapons and further that I was then trained by the SUFFOLK COUNTY POLICE DEPARTMENT to be a training officer for the Airport Law Enforcement after enactment of the Safe Act. I further advised that several officers at the airport patrol with these weapons as part of their duties. CHIEF KEVIN BURKE authorized its deployment post October 1st. This was of no avail. At that time Det. Sgt. Michael Flanagan seized five weapons from me.

(18) Det. Sgt. Michael Flanagan stated to my partner at Front Line Training Center, one Glen Klein a retired NYPD Detective, "If Sergeant Anthony Passalacqua just gave us plaintiff JENNIFER NIN's gun then none of this would be happening and we would have been out of here."

(19) That I as a supervisor was aware that defendant CHIEF KEVIN BURKE issued an order upon taking his position that during heightened alerts officers were to carry their patrol rifles.

(20) On or about December 21, 2018 I received a text from Airport Commissioner Shelley LaRose-Arken advising me that I was suspended and should not report to work. Please see a copy of the text message from Airport Commissioner Shelley LaRose-Arken to me

annexed hereto as **Exhibit "K"**.

(21) On that date I immediately called the Airport Security Officer who advised that SUFFOLK COUNTY POLICE OFFICER Michael Canavaciol had broken into both of my lockers to seize my duty weapons, leaving both unsecured with other personal property therein. Upon returning home I received a letter from the SUFFOLK COUNTY POLICE DEPARTMENT PISTOL LICENSE BUREAU signed by SUFFOLK COUNTY POLICE LIEUTENANT MICHAEL KOMOROWSKI, dated December 19, 2018 which stated that pending investigation my Pistol License was suspended and ordering me to surrender my license and any weapons in my possession by December 25, 2018. A copy of said letter is annexed hereto as **Exhibit "L"**.

(22) On or about December 21, 2018, retired NYPD Detective Glen Klein was notified by letter from the SUFFOLK COUNTY POLICE DEPARTMENT PISTOL LICENSE BUREAU signed by SUFFOLK COUNTY POLICE LIEUTENANT MICHAEL KOMOROWSKI, dated December 19, 2018 which stated that pending investigation his pistol license is suspended and ordering him to surrender his license and any weapons in his possession by December 25, 2018. A copy of said letter is annexed hereto as **Exhibit "M"**.

(23) On or about January 4, 2019 I was terminated from the TOWN OF ISLIP AIRPORT LAW ENFORCEMENT DIVISION by defendants TOWN OF ISLIP, DIRECTOR OF PERSONAL ARTHUR ABBATE, CHIEF KEVIN BURKE and AIRPORT COMMISSIONER SHELLY LAROSE-ARKEN for not maintaining my pistol permit as a requirement of my employment.

(24) I suffer from Stage 3 brain cancer and this has left me unemployed without money and most importantly without health insurance.

Dated:    March 5, 2019
            Central Islip, New York

                                                                        _____
                                                                        Anthony Passalacqua

Sworn to before me this 15th
day of March, 2019

_____
Notary Public

```
MELINDA OSIK
NOTARY PUBLIC STATE OF NEW YORK
SUFFOLK COUNTY
LIC. #01OS4968192
COMM. EXP. 06-18-20 22
```