UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JENNIFER NIN and DIANNE TRITSCHLER,

                                                           Plaintiffs,

-against-

                                                         **ANSWER**

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE,
STEVEN BELLONE, SUFFOLK COUNTY POLICE        19-cv-1546(SJF)(AKT)
COMMISSIONER GERALDINE HART, SUFFOLK
COUNTY PISTOL LICENSING BUREAU EXECUTIVE
OFFICER SGT. WILLIAM WALSH, SUFFOLK COUNTY
COMMANDING OFFICER OF THE PISTOL LICENSING
BUREAU LIEUTENANT MICHAEL KOMOROWSKI,
PISTOL LICENSING BUREAU POLICE OFFICER MARC
SFORZA, TOWN OF ISLIP, ANGIE CARPENTER, TOWN
SUPERVISOR, DIRECTOR OF AIRPORT SECURITY
KEVIN BURKE, ISLIP TOWN PERSONNEL DIRECTOR
ARTHUR ABBATE, AIRPORT COMMISSIONER SHELLY
LAROSE-ARKEN, SUFFOLK COUNTY PISTOL LICENSING
BUREAU INVESTIGATOR NICHOLAS LORUSSO and
SUFFOLK COUNTY POLICE DEPARTMENT DETECTIVE
SGT. MICHAEL FLANAGAN,
                                                            Defendants.

       Defendants, County of Suffolk, Suffolk County Executive Steven Bellone, Suffolk County Police, Commissioner Geraldine Hart, Suffolk, County Pistol Licensing Bureau Executive Officer Sgt. William Walsh, Suffolk County Commanding Officer of the Pistol Licensing Bureau Lieutenant Michael Komorowski, Pistol Licensing Bureau Police Officer Marc Sforza, Suffolk County Pistol Licensing Bureau Investigator Nicholas LoRusso and Suffolk County Police Department Detective and Sgt. Michael Flanagan, by their attorney, Dennis M. Brown, Suffolk County Attorney, by Arlene S. Zwilling, Assistant County Attorney, answering plaintiffs' complaint respectfully:

       1.     Aver that the allegations contained in the paragraphs numbered 1, 2 and 3 of the

complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

2. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 4, 5, 6, and 31 of the complaint.

3. Deny the allegations contained in paragraphs numbered 9 and 10 of the complaint, and refer all questions of law to the Court.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95 and 96 of the complaint, and refer all questions of law to the Court.

## AS AND FOR THE FIRST CAUSE OF ACTION

5. Deny, upon information and belief, the allegations contained in the paragraph numbered 97, 98, 99, 100, 101, 102, 103, 104, 105, 106 and 107 of the complaint.

## AS AND FOR THE THIRD CAUSE OF ACTION

6. Deny, upon information and belief, the allegations contained in the paragraph numbered 108 of the complaint.

## AS AND FOR THE FOURTH CAUSE OF ACTION

7. Deny, upon information and belief, the allegations contained in the paragraph numbered 109 of the complaint.

## AS AND FOR THE FIFTH CAUSE OF ACTION

8. Deny, upon information and belief, the allegations contained in the paragraph numbered 110 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9. That the complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10. That the damages sustained by plaintiffs, if any, were caused by the plaintiffs' own culpable and/or negligent conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11. That the complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of

plaintiffs' constitutional rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiffs' constitutional rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

14. That this Court lacks subject matter jurisdiction.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

15. That plaintiffs' claims, if any, are in whole or in part, barred by the doctrines of collateral estoppel and/or res judicata.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

16. That plaintiffs' claims, if any, are barred in whole or in part by the statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

17. That defendants' actions, if any, were justified by the facts and circumstances presented.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

18. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

19. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

20. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

21. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

22. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

23. That plaintiffs have an adequate remedy at law.

WHEREFORE, defendants demand judgment against the plaintiffs dismissing the complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

DATED: Hauppauge, New York
        April 19, 2019

Yours etc.,
Dennis M. Brown
Suffolk County Attorney
Attorney for County of Suffolk County Defendants
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788

By:   */s/ Arlene S. Zwilling*
Assistant County Attorney

TO:

Richard Young, Esq.
Young & Young, LLP
Attorney for Plaintiffs
863 Islip Avenue
Central Islip, New York 11722