| | | | |
|---|---|---|---|
| UNITED STATES DISTRICT COURT | | CIVIL CONFERENCE | |
| EASTERN DISTRICT OF NEW YORK | | MINUTE ORDER | |

BEFORE:   A. KATHLEEN TOMLINSON          DATE:   10-11-2019
          U.S. MAGISTRATE JUDGE          TIME:   11:37 a.m. (43 minutes)

## *Nin, et al. v. County of Suffolk, et al.,*
### CV 19-1546 (SJF) (AKT)

TYPE OF CONFERENCE:          **INITIAL CONFERENCE**

APPEARANCES:     Plaintiff:     Richard W. Young

                 Defendant:     Arlene S. Zwilling (Suffolk County Defendants)

                                William Wexler (Town of Islip Defendants)
                                John DiCioccio
                                Michael Walsh

FTR:   11:37-12:20

THE FOLLOWING RULINGS WERE MADE:

1. Judge Feuerstein referred the parties to the undersigned to implement a discovery plan and to oversee the completion of this phase of the case.

2. Any party who has not served Initial Disclosures pursuant to Rule 26(a) must do so no later than October 16, 2019.

3. Counsel Council for the Suffolk County Defendants stated that she does not intend to serve discovery demands at this juncture.

   Plaintiffs' counsel stated that he served discovery demands on October 7, 2019. Pursuant to the Federal Rules, an opposing party's duty to respond does not begin to run until the Court has conducted a Rule 16 Conference, which took place today. Therefore, the deadline to respond to plaintiffs' demands is November 12, 2019.

   The Town of Islip Defendants will serve their discovery demands by November 1, 2019. Responses to those demands must be served by December 2, 2019.

   Both sides have agreed that plaintiffs' interrogatories for County Executive Bellone, Police Commissioner Hart and Islip Supervisor Angie Carpenter are held in abeyance until further Order of the Court.

4. There are 13 named defendants in this action. Under the Federal Rules, there is a presumptive limit of 10 depositions. The Court will permit depositions of the named plaintiffs. Even though the number exceeds 10. However, in light of the fact that the defendants have already stated their opposition today to more than 13 depositions, if plaintiff wishes to proceed, counsel will be required to undertake motion practice. The

Court explained to Attorney Young the criteria that he must cover in such a motion, supported by applicable case law.   Plaintiff may proceed either by way of a letter motion or a formal motion under the Federal Rules.   The parties were reminded that there are no replies permitted on letter motions.

5. There was some debate about whether plaintiff is introducing an expert to support her claims for emotional distress.   Although plaintiff's counsel initially stated that he would be using Psychologist Dowling in an expert capacity -- and after pointing out that he had already produced an report -- plaintiff's counsel subsequently confirmed that he will not be producing any experts in the case, and that the plaintiff will testify to her own emotional distress.

6. It came to light during today's conference that Plaintiffs' counsel had served subpoenas on multiple telecommunications carriers to obtain certain phone records and text messages. Plaintiffs' counsel asserted that he did not request the content of the texts.   However, on further inquiry, the Court determined that based on the information provided by plaintiffs' counsel, insufficient time was given under Rule 45 for the defendants to address the subpoenas before plaintiffs' counsel actually served those subpoenas.   Moreover, if the phones/text messages are to or from any of the defendants in this case, plaintiffs' counsel had no right to bypass the normal discovery procedures to obtain this information instead by subpoena.   Nor did plaintiffs' counsel approach the Court to obtain such authorization.   In addition, based on the description by plaintiffs' counsel of the language of the subpoena, the Court finds preliminarily that the requests as described are far too broad.

    The Court is entering a separate Order directed to the carriers, ordering them not to respond to the subpoena in any way until they receive a further Order from this Court.   Plaintiffs' counsel shall handwrite the name of the respective carrier on the blank lines in the Order and shall issue a separate Order to each carrier.   The Order to the carriers is to be served upon them forthwith by plaintiffs' counsel on Monday, October 14, 2019.   Plaintiffs' counsel shall then file on ECF proof of such service on each  of the carriers.

    If Plaintiffs have received any responses to the subpoenas at issue, counsel is directed not to open the responses and instead to forward them to the Court forthwith.

7. In conjunction with ¶ 6 above, the defendants will have until October 25, 2019 to file any motions to quash or modify the subpoenas to the carriers.   Counsel may submit a letter motion, not to exceed five pages; plaintiffs' counsel will then have one week to file any opposition. As noted, there are no replies on letter motions.   If the defendants wish to file a formal motion under the Federal Rules, they may do so.   However, the October 25, 2019 date remains for the defendants' opening papers and memorandum of law.   If formal motion practices undertaken, then the parties must meet-and-confer to come up with a briefing schedule for opposition and reply papers.   That briefing schedule is to be submitted for Court approval.

8. By Monday, October 14, 2019, plaintiffs' counsel is directed to provide the defendants with a list of owners' names which correspond to the specific phone numbers set forth in the subpoenas served by the plaintiffs.

9. Judge Feuerstein has set her deadline for completion of fact discovery at January 13, 2020. All fact discovery must be concluded by that date and this Court has no authority to extend

Judge Feuerstein's deadline. Any request for an extension must be sent to Judge Feuerstein directly.

10. To the extent that the parties determine that a Stipulation and Order of Confidentiality will not be needed during the discovery phase of this case, I am directing that such Stipulation be filed on ECF by December 4, 2019. If plaintiffs' counsel is no longer intending to introduce testimony from Psychologist Dowling to support a claim for emotional distress damages, then the Court will not require that the production of HIP authorizations from the Plaintiff. However, if that is not the case, then plaintiffs must provide the necessary, executed HIPAA authorizations within one week.

11. In accordance with Local Rule 37.3, the parties are obligated to meet and confer in good faith to resolve any outstanding discovery disputes. If the parties cannot resolve the dispute among themselves the parties should seek judicial intervention by filing an appropriate letter motion as expeditiously as possible. <u>Any motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation of how they have done so. Failure to comply with the certification requirement will result in the motion being returned to the moving party.</u> Counsel are hereby on notice that unless they advise the Court that they have had an actual conversation with each other in an attempt to resolve the discovery dispute at issue, the motion papers will be returned to them until such time as they can certify that they have had such a working conversation (***not*** merely an exchange of e-mails or letters).

    If an attorney has objections to opposing counsel's response to a document demand or interrogatory and/or is seeking to compel responses to a specific document demand or interrogatory, counsel, after complying with Local Civil Rule 37.3, must also comply with Local Civil Rule 37.1 which directs how this information is to be presented to the Court. <u>Discovery motions brought under Rule 37.1 are exempt from the three-page limitation on discovery motions so that the movant can comply with Rule 37.1.</u>

12. Under existing Second Circuit case law, any amendments or modifications to this Order must be approved in advance by the Court. Therefore, the parties are not free to grant each other extensions of any deadline set forth in this Order. Nor is any party free to ignore a deadline and not bring that information to the attention of the Court in a timely manner. All requests for extensions or modifications of any deadlines stated in these Orders must be made by letter motion to the Court in advance of the expiration of the deadline. The parties are directed to my Individual Practice Rules for further information.

                          **SO ORDERED.**

                        /s/ A. Kathleen Tomlinson
                        A. KATHLEEN TOMLINSON
                        U.S. Magistrate Judge