**FILED**
**CLERK**

2:27 pm, Jan 14, 2020

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JENNIFER NIN, et al.,

                         Plaintiffs,                  **ORDER**
                                              19-CV-1546 (SJF) (AKT)
        -against-

COUNTY OF SUFFOLK, et al.,

                         Defendants.
------------------------------------------------------------X
FEUERSTEIN, District Judge:

Before the Court is Plaintiffs' letter, DE [63] objecting to, and seeking reversal of, Magistrate Judge A. Kathleen Tomlinson's Order dated December 11, 2019.  Order, DE [62]. According to Plaintiffs, the order "strikes plaintiff's Subpoenas for phone records and compels defendants to provide full and complete responses."  Motion at 1.  Plaintiffs seek an order setting aside the Order quashing the subpoenas and request an extension of time to complete discovery.

As the Order appealed from is non-dispositive, Plaintiffs must demonstrate that the decision is clearly erroneous or is contrary to law.  28 U.S.C. §636(b)(1)(A); FED. R. CIV. P. 72(a).  "A ruling is clearly erroneous if the reviewing court has the definite and firm conviction that a mistake has been committed," and is "contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Cherif v. Sameday Delivery Corp.*, No. 13CV1341, 2016 WL 4487669, at \*1 (E.D.N.Y. May 24, 2016) (internal quotations and citations omitted).  "Under this highly deferential standard, magistrate judges are 'afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused.'"  *Storms v. United States*, 13-CV-0811, 2014 WL 3547016, at \*4 (E.D.N.Y. July 16, 2014) (internal quotation marks and citation omitted).

Plaintiffs' subpoenas were directed at telecommunications carriers and sought various telephone records.  In their letter, Plaintiffs state that Judge Tomlinson quashed the subpoenas in part because counsel could demand the records directly from Defendants.  Plaintiffs go on to describe how that effort was, in their opinion, unsuccessful.  At that point, their first avenue of recourse is a further motion to the Judge Tomlinson, which, of course, could include a renewal of their request for the issuance of subponeas.  The series of events does not support a finding that the original Order was clearly erroneous or contrary to law, and accordingly, the appeal is denied.

Plaintiff further seeks this Court's rulings on discovery issues not yet raised before Judge Tomlinson such as the appropriateness of taking depositions of particular witnesses.  The Court declines to rule on any issues not first presented to Judge Tomlinson.

Plaintiffs' request to extend discovery is granted.  The discovery deadline is extended to March 2, 2020.  The parties are reminded that they must timely apprise Judge Tomlinson of any discovery disputes.  The trial scheduled to commence on February 10, 2020 is adjourned to March 30, 2020.


SO ORDERED


                                                          /s/
                                                          SANDRA J. FEUERSTEIN
                                                          United States District Judge

Dated:  Central Islip, New York
        January 14, 2020


2