| | |
|---|---|
| NITED STATES DISTRICT COURT | CIVIL CONFERENCE |
| EASTERN DISTRICT OF NEW YORK | MINUTE ORDER |

BEFORE:    A. KATHLEEN TOMLINSON           DATE:   1-23-2020
                U.S. MAGISTRATE JUDGE             TIME:   11:24 a.m. (45 minutes)

*Nin, et al. v. County of Suffolk, et al.*
**CV 19-1546 (SJF) (AKT)**

TYPE OF CONFERENCE:         **TELEPHONE STATUS CONFERENCE**

APPEARANCES:    Plaintiffs:     Richard W. Young

                      Defendants:   Arlene S. Zwilling (County of Suffolk Defendants)
                                      William D. Wexler (Town of Islip Defendants)

FTR:    11:24-12:10

THE FOLLOWING RULINGS WERE MADE:

      The following is a summary of the rulings made during today's conference. If any party needs a more amplified record, counsel should contact Courtroom Deputy Mary Ryan (631-712-5765) to arrange to order a transcript.

1. The Court spent substantial time with the parties regarding the various issues raised by Attorney Young in his letter filed on January 22, 2020. *See* DE 68.

2. Attorney Young stated that he has not received any text messages between any of the defendants, but has "statements" from Anthony Passalacqua and an Officer Finn regarding the existence of such text messages sent by Kevin Burke. Attorney Wexler stated that there are no text messages. Attorney Young was advised that he can inquire about these alleged text messages during the Passalacqua and Finn depositions, should they be deposed.

3. The Town Defendants produced one email from Shelly Larose in hard copy—not in native format as per this Court's prior Order from December 11, 2019. Attorney Wexler advised that this email was resubmitted to Attorney Young in native format yesterday. Attorney Young has not yet reviewed this email.

4. Within two weeks, Attorney Wexler is to file an affidavit from defendant Abbate regarding email production, and send a copy of the same to Attorney Young, setting forth the following:

    - The specific manner in which the search was conducted;
    - When the search was conducted;
    - The scope of the search and whether he was assisted (and by whom) with the search and production; and
    - What were the results of the search.

5. The Court declined to order production of Officer Finn's personnel file; however, if there is a document(s) in the file concerning his FMLA leave, particularly the dates of the leave, the Town Defendants are to produce that document in redacted form, except for the dates Finn was on leave.

6. Plaintiffs' objection to Burke's response to "Interrogatory 6" was not filed pursuant to Local Rule 37.1. Notwithstanding that defect, the Court directed the Town Defendants to produce any policy statement or protocol that is in effect for the relevant time period regarding the seizure of weapons in circumstances like this case, even if the policy is that the Town Defendants must involve the Suffolk County Police Department. Further, to the extent that the Town Defendants are unable to produce Nin's airport personnel file, instructor's certificates, or commendations in the first instance, Attorney Young is free to request them from the issuing agency.

7. The Court is not requiring the Town Defendants to produce any of the files or documents it prepared for Nin's Article 75 Hearing.

8. The County Defendants were directed to produce the missing pistol license renewal certificates within thirty days.

9. The County Defendants were directed to produce the Suffolk County Police Department's Internal Affairs file involving the plaintiffs for *in camera* review once Internal Affairs completes its investigation.

10. The County Defendants produced pistol licensing handbooks that are available online, but if there is further documentation in the Police Department's guidebook or guidelines that may pertain to pistol permits, those documents are to be produced in the next thirty days.

11. Despite the fact that this is the first time Attorney Young has mentioned an Officer Lawrence, the County Defendants were directed to search for notes by Officer Lawrence.

12. The County Defendants may utilize Nicholas Lorusso as an expert witness. The Court was advised of another court case in which Lorusso was involved. Attorney Young intends to obtain a transcript from that case. Attorney Young was advised that if he intends to use this transcript at trial, he is to send a copy to Attorney Zwilling before the close of fact discovery, or the transcript will be precluded. Attorney Zwilling was advised that if Mr. Lorusso will be used as an expert and she seeks to have this transcript precluded, she must timely move for a protective order and file this information under seal.

13. The County Defendants and the Town Defendants were directed to identify their respective ESI custodians in the next two weeks.

                                                                            **SO ORDERED.**

                                                   /s   A. Kathleen Tomlinson
                                                   A. KATHLEEN TOMLINSON
                                                   U.S. Magistrate Judge