UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JENNIFER NIN and DIANNE TRITSCHLER,

Plaintiffs,

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE,
STEVEN BELLONE, SUFFOLK COUNTY POLICE
COMMISSIONER GERALDINE HART, SUFFOLK
COUNTY PISTOL LICENSING BUREAU EXECUTIVE
OFFICER SGT. WILLIAM WALSH, SUFFOLK COUNTY
COMMANDING OFFICER OF THE PISTOL LICENSING
BUREAU LIEUTENANT MICHAEL KOMOROWSKI,
PISTOL LICENSING BUREAU POLICE OFFICER MARC
SFORZA, TOWN OF ISLIP, ANGIE CARPENTER, TOWN
SUPERVISOR, DIRECTOR OF AIRPORT SECURITY
KEVIN BURKE, ISLIP TOWN PERSONNEL DIRECTOR
ARTHUR ABBATE, AIRPORT COMMISSIONER SHELLY
LAROSE-ARKEN, SUFFOLK COUNTY PISTOL LICENSING
BUREAU INVESTIGATOR NICHOLAS LORUSSO and
SUFFOLK COUNTY POLICE DEPARTMENT DETECTIVE
SGT. MICHAEL FLANAGAN,

Defendants.

**STIPULATION OF
CONFIDENTIALITY**

19-cv-1546(SJF)(AKT)



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 18 2020 ★

LONG ISLAND OFFICE

1.      This stipulation applies to all parties and their counsel with respect to the

production of "Confidential Documents" as defined below.

2.      It is, accordingly, hereby agreed and stipulated that:

(a) "Counsel" is defined to mean attorneys for the parties and their employees,

any party appearing *pro se*, outside counsel retained by counsel in this litigation and

those employees of outside counsel necessary to assist in this litigation.

(b) "Confidential Documents" are defined to include Suffolk County Police

Department personnel and disciplinary records; records relating to any Suffolk County

Police Department Internal Affairs Bureau investigation(s), along with any Attachments

in whatever medium; medical and/or psychiatric records of the plaintiff and any

1

defendant; or any document subsequently stipulated as such by Counsels as being confidential, or in the absence of a stipulation, that are otherwise determined by the Court to be confidential.

(c) "Confidential Information" is defined as information contained in a confidential document which is not included in any source other than a confidential document; or any information subsequently stipulated as such by Counsels as being confidential, or in the absence of a stipulation, that is otherwise determined by the Court to be confidential.

(d) The United States District Court, Eastern District, is to have access to Confidential Documents subject to this Stipulation of Confidentiality.

(e) If properly demanded and discoverable, Counsel will produce for inspection one (1) copy of each Confidential Document to each of the other counsel. Counsel receiving said Confidential Document is prohibited from making their own copy of any Confidential Document or portions thereof given to Counsel pursuant to this stipulation, except for use as an exhibit to a paper filed in this litigation under paragraph 2(i) or except for internal working copies to be utilized solely by Counsel.

(f) Counsel shall not use any Confidential Document or any Confidential Information therein for any purpose other than the preparation or presentation of their respective client's case in this action. Counsel shall not disclose any Confidential Document or any Confidential Information therein to any person, except under the following conditions: (i) a member of the staff of their law office; (ii) an expert who has been retained or specially employed by Counsel to assist in the preparation of the litigation in this action; (iii) the Court (including the clerk, court reporter or court

stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions; (iv) a witness during deposition; (v) in a paper filed in this litigation (*see paragraph 2(i), below*); and (vi) introduction into evidence during trial of the instant matter.

(g) Within one (1) week after the production to Counsel of a Confidential Document, Counsel shall return any document(s) that they believe they do not need for use in this litigation. (h) Upon the request of any Counsel who has produced a Confidential Document, within five (5) days after the entry of a final judgment in this litigation (including appeals or petitions for review), Counsel shall (i) return all Confidential Documents produced pursuant to this stipulation; and, (ii) destroy all notes, summaries, digests, and synopses of the Confidential Documents and Confidential Information therein.

(i) In the event that a party wishes to use a Confidential Document or any Confidential Information therein in any paper filed in this litigation, such paper (or part thereof containing the Confidential Document or Confidential Information) shall be filed under seal and maintained under seal by the Court.

(j) Any and all persons to whom Confidential Documents are made available or to whom Confidential Information is disclosed under this stipulation are to be bound by the restrictions contained herein. Attached hereto as "Exhibit A" is a form to be executed by persons receiving Confidential Document and/or Confidential Information subject to this Stipulation.

(k) It is further understood that this Stipulation be "So Ordered" without further notice and may then be enforced as a Court Order, even after the entry of final judgment

3

in this action.  If this Stipulation is "So Ordered," a copy will be furnished to counsel

upon issuance of said Order.


Dated:   Hauppauge, New York, 11788
              January 3, 2020


By:  Richard Young, Esq.
Young & Young, LLP
Attorney for Plaintiffs
863 Islip Avenue
Central Islip, New York 11722

By:  Arlene S. Zwilling
Dennis M. Brown
Suffolk County Attorney
Attorney for County Defendants
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY  11788-0099


By:
William D. Wexler, Esq.
Attorney for the Town of Islip Defendants
816 Deer Park Avenue
North Babylon, NY 11703


**S O   O R D E R E D:**

**Dated: Central Islip, New York**

**~~January~~** February _18_ , **2020**


**/s/ A. Kathleen Tomlinson**

**HON.  A. KATHLEEN TOMLINSON, USMJ**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JENNIFER NIN and DIANNE TRITSCHLER,

Plaintiffs,

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE,
STEVEN BELLONE, SUFFOLK COUNTY POLICE
COMMISSIONER GERALDINE HART, SUFFOLK
COUNTY PISTOL LICENSING BUREAU EXECUTIVE
OFFICER SGT. WILLIAM WALSH, SUFFOLK COUNTY
COMMANDING OFFICER OF THE PISTOL LICENSING
BUREAU LIEUTENANT MICHAEL KOMOROWSKI,
PISTOL LICENSING BUREAU POLICE OFFICER MARC
SFORZA, TOWN OF ISLIP, ANGIE CARPENTER, TOWN
SUPERVISOR, DIRECTOR OF AIRPORT SECURITY
KEVIN BURKE, ISLIP TOWN PERSONNEL DIRECTOR
ARTHUR ABBATE, AIRPORT COMMISSIONER SHELLY
LAROSE-ARKEN, SUFFOLK COUNTY PISTOL LICENSING
BUREAU INVESTIGATOR NICHOLAS LORUSSO and
SUFFOLK COUNTY POLICE DEPARTMENT DETECTIVE
SGT. MICHAEL FLANAGAN,

Defendants.

**ACKNOWLEDGMENT AND
AGREEMENT TO BE
BOUND BY THE TERMS OF
THE SO-ORDERED
STIPULATION OF
CONFIDENTIALITY**

19-cv-1546(SJF)(AKT)

I, _____, hereby acknowledge that I have read and

understand the So-Ordered Amended Stipulation of Confidentiality in this action governing the

non-disclosure of those materials that have been designated as "Confidential Documents" and the

information therein defined as "Confidential Information".  I agree that I will not disclose any

Confidential Document(s) or any Confidential Information received by me to anyone other than

for purposes of this litigation, and I further agree that at the conclusion of the litigation I will

return any confidential documents to the party or the attorney from whom I received it.  By

acknowledging and agreeing to these obligations under the So-Ordered Amended Stipulation of

Confidentiality, I understand that I am submitting myself to the jurisdiction of the United States

District Court for the Eastern District of New York for the purpose of any issue or dispute arising

hereunder and that my willful violation of any term of the So-Ordered Amended Stipulation of

Confidentiality could subject me to punishment for contempt of Court.


Dated: _____        _____
                                         (signature)