UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JENNIFER NIN and DIANNE TRITSCHLER,

                          Plaintiffs,

      - against -

COUNTY OF SUFFOLK, STEVEN BELLONE, *Suffolk County Executive*, GERALDINE HART, *Suffolk County Police Commissioner*, SGT. WILLIAM WALSH, *Suffolk County Pistol Licensing Bureau Executive Officer*, LIEUTENANT MICHAEL KOMOROWSKI, *Suffolk County Commanding Officer of the Pistol Licensing Bureau*, MARC SFORZA, *Pistol Licensing Bureau Police Officer*, ANGIE CARPENTER, *Town Supervisor*, KEVIN BURKE, *Director of Airport Security*, ARTHUR ABBATE, *Islip Town Personnel Director*, SHELLY LAROSE-ARKEN, *Airport Commissioner*, NICHOLAS LORUSSO, *Suffolk County Pistol Licensing Bureau Investigator*, and SGT. MICHAEL FLANAGAN, *Suffolk County Police Department Detective*,

                          Defendants.
-----------------------------------------------------------------X

**ORDER**

CV 19-1546 (SJF) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      The Court has received Attorney Young's request to compel the Suffolk County Defendants to produce certain information concerning the 2015 arrest of Defendant Detective Nicholas Lorusso, who may provide expert testimony for the Suffolk County Defendants at trial. DE 82.  Specifically, Attorney Young seeks the production of documentation pertaining to the Suffolk County Police Department's internal investigation into Defendant Lorusso's arrest and the suspension and recovery of his pistol license.  *See id.*  Attorney Young states that at the January 23, 2020 conference, the Court "had ruled that Ms. Zwilling could move for a protective order at the time of trial if necessary.  She has declined to provide these documents claiming that

this was not your order." *Id.* The Suffolk County Defendants filed a response. DE 85. Attorney Zwilling's "understanding of the rulings made at the conference held on January 23, 2020 is that the Court did not direct County defendants to produce the files in question." *Id.*

Attorney Young is mixing apples and oranges here. Apparently, Attorney Young is under the impression that the Court's directives from the **January 23, 2020** conference required Attorney Zwilling to turn over information regarding Defendant Lorusso's arrest. That is not the case. The Court did not order Attorney Zwilling to produce any of these documents and even remarked at how much information about this arrest Attorney Young already possessed. *See* Transcript of 1/23/20 Hearing [DE 71] at 32 ("Well, since you seem to know all of this Mr. Young, I don't know why you need more information."). In addition, while Attorney Young is correct that the Court permitted Attorney Zwilling to move for a protective order, Attorney Young has conflated the circumstances under which the Court has allowed Attorney Zwilling to do so. The motion for a protective order would not be for the documentation described above as Attorney Young suggests, but rather would be for the preclusion of a transcript from another court case in which Defendant Lorusso was involved. *See* 1/23/20 Civil Conference Minute Order [DE 69] at ¶ 12; DE 71 at 33 ("Mr. Young, if you intend to use this at the trial I'm telling you right now that transcript better be in the hands of the defendants here before the close of fact discovery or I will make sure that Judge Feuerstein knows I'm precluding you from using it. . . . Ms. Zwilling, please. . . . If you're going to use him as an expert and you don't want this information included then you'll move for protective order and the information you'll provide to me under seal for my review.)" Attorney Zwilling's response indicates that she has still not been provided a copy of this transcript. DE 85 at 2; 85-1. As the Court stated at the January 23, 2020 conference, memorialized in its Minute Order, Attorney Young is on notice that the Court will

2

preclude his use of the transcript if he fails to provide Attorney Zwilling a copy of it prior to the close of fact discovery. DE 69 at ¶ 12.

As counsel will recall from the **February 18, 2020** conference, the Court declined to intervene or make any ruling on these issues because Attorney Young acknowledged that there was no meet and confer with Attorney Zwilling as required by Local Rule 37.3. In an abundance of caution, the Court has now reviewed the audio recording of that conference and the following statements comprise the exchange that occurred:

| | |
|---|---|
| Attorney Young: | [At the January 23, 2020 conference], you had said that Mr. Lorusso, who the County calls an expert, there were issues regarding his arrest and they have to turn over certain investigations and pistol license information and we haven't received it yet. |
| The Court: | Did you talk to them? Did you have a conversation with them as to why you didn't get it? |
| Attorney Young: | No I haven't. |
| The Court: | Well, then I'm not doing anything about it because you have an obligation under Rule 37.3 to conduct a good faith meet and confer to try to resolve those issues. |

2/19/20 FTR 3:08-3:09.

This submission by Attorney Young does not reflect any certification that he has conducted a good faith meet-and-confer with Attorney Zwilling to resolve these issues. Therefore, the Court will take no action on this request. Counsel is also reminded that a discovery motion must be filed as a letter "motion" and not merely as correspondence or such submission will be returned to counsel. See Magistrate Judge Tomlinson's Individual Practice Rule III(A)(1). If Attorney Young has a good faith basis for contending that he is entitled to the noted pistol license information, etc. -- and if he and Attorney Zwilling continue to disagree after their Local Rule 37.3 meeting -- then Attorney Young may file an appropriate motion to compel.

3

Further, the Court notes that attached to Attorney Zwilling's response is an email she sent to Attorney Young.  DE 85-1.  Attorney Zwilling indicated that she received email correspondence from Attorney Young's secretary, despite this Court's directive from the February 18, 2020 conference that emails emanating from the office of Plaintiffs' counsel must be sent directly from Attorney Young's email account.  *See id.*; DE 81 ¶ at 2.  Attorney Young is on notice that if he continues the pattern of not adhering to this Court's directives, the Court will take further action.

|  |  |
|---|---|
| Dated: Central Islip, New York<br>February 21, 2020 | **SO ORDERED:**<br><br>/s/ A. Kathleen Tomlinson<br>A. KATHLEEN TOMLINSON<br>United States Magistrate Judge |