*Young & Young, LLP*

*863 Islip Avenue*

*Central Islip, N.Y. 11722*

*(631) 224-7500*

May 11, 2020

Via Electronic Case Filing Only

**Magistrate A. Kathleen Tomlinson**
**100 Federal Plaza**
**P.O. Box 9014**
**Central Islip, NY 11722**

       **Re:**    **Jennifer Nin et al v. County of Suffolk et al.**
              **Request to either proceed with discovery or proceed to trial;**
              *Certification that Both Parties Met and Conferred in Good Faith*
              **Docket No.  19-cv-1546 (SJF)(AKT)**

Dear Hon. Judge Tomlinson:

      Plaintiff respectfully submits this pre-motion letter to request this Court to strike Arlene Zwilling's purported motion for judgment on the pleadings made without a pre-motion letter, declaration or any exhibits as procedurally defective and without Court permission or allow this letter to serve as a pre-motion letter request to proceed with dispositive motion practice striking Defendants' answer for refusing to produce witnesses for deposition if not a pre-motion letter seeking a Conditional Order striking Defendants' answer should Ms. Zwilling fail to produce Defendants for depositions.

      Plaintiffs certify that this application is made in compliance with Local Civil Rule 37.1 and Local Civil Rule 5.1. Plaintiffs expended great costs for electronic court reporting and met and conferred with Arlene Zwilling on May 8, 2020 where she refused to produce her clients for depositions.

**FACTUAL BACKGROUND**

This matter was filed on March 22, 2019. The first Conference was held before the Honorable Sandra J. Feuerstein on April 24, 2019. Plaintiffs are former law enforcement. The undersigned counsel sought to have plaintiff Jennifer Nin's pistol permit reinstated and have her regain her employment as a Peace Officer with MacArthur Airport.

      Thereafter, this matter was referred to the Honorable Kathleen A. Tomlinson for discovery. The first conference was held on October 11, 2019. Your affiant sought depositions of the eleven defendants from the outset. Plaintiff had served defendants Demands for Discovery and Notice to take Depositions first and immediately sought such discovery to proceed to depositions. The discovery became contentious

Page 2 of 4

and after several conferences with the Magistrate and having not received all documents known to exist Plaintiff sought to receive an answer to plaintiff's discovery demands by letter dated October 30, 2019.

On November 1, 2019, the undersigned received an electronic mailing from Mr. William Wexler, counsel for Islip Defendants, with a list of dates that he would be available to do depositions. Both sides met and conferred because Plaintiffs did not receive sufficient discovery to conduct a proper deposition.

By letter by facsimile dated January 15, 2020, the undersigned sought to meet and confer to obtain known missing discovery. On January 28, 2020 the undersigned sought to commence depositions beginning on February 10, 2020 and continued thereafter until complete. Ms. Zwilling responded that she could not comply with those dates and she needed additional time to advise when her witnesses were available. The next day, Mr. Wexler sent a letter dated January 29, 2020 demanding to depose plaintiffs first to which the undersigned complied. Previously, plaintiff had served a subpoena on a non-party entity seeking an IP Address and the defendants sought to quash the subpoena. A conference was held on February 12, 2020, where certain information from the Subpoena was struck and other information was granted. At the conference the Court Ordered a date for Plaintiffs' depositions of February 25, 2020. Both Plaintiffs were present but only Jennifer Nin was deposed albeit Ms. Tritschler was present – the defense attorneys declined to depose her. No Defendants were provided for depositions and no dates were provided from the Defendants as to when their clients would be deposed.

### SUFFOLK COUNTY'S REFUSAL TO PRODUCE DEFENDANTS FOR DEPOSITION

Defendants ardently refuse to produce their clients for deposition. The undersigned wrote an electronic mailing to Ms. Arlene Zwilling stating she had made no attempt to advise when her witnesses would be available. On March 12, 2020 Mr. Wexler sent an electronic mailing stating he would be available April 20, 2020 to participate in depositions. On March 13, 2020 Ms. Zwilling wrote an electronic mailing and stated she would be available the week of April 20, 2020 to conduct depositions. The undersigned replied, stating "That is fine. I will commence depositions on April 20, 2020 and continue until April 23, 2020." On March 16, 2020 Mr. Wexler wrote and email advising that he was only available April 20, 2020 and April 23, 2020 from noon-5:00 p.m., April 24, 2020 all day.

On April 15, 2020 Ms. Zwilling wrote that she would not proceed with depositions. She would contact me once it was determined that it was safe and practicable. On April 16, 2020, plaintiff's counsel called Ms. Zwilling and advised that we could proceed with a video deposition and that I had a court reporting service which could facilitate same. On April 16, 2020, Ms. Zwilling wrote an email to memorialize our telephone conversations that County defendant's depositions would not be going forward and that the County rules prohibit the downloading of commercial applications on Suffolk County devices. On April 16, 2020, plaintiff's counsel wrote a letter to Ms. Zwilling stating that we could use Realtime Court Reporting to proceed with the matter. Further, the undersigned requested of Ms. Zwilling to meet and confer by the end of the week if any other impediments were being raised. On April 17, 2020, the undersigned sent an electronic mailing wherein Plaintiffs stated that the County was using, and requiring, remote video means for other matters and asked her to work with the provider whom the undersigned previously advised to schedule the remote depositions. On April 17, 2020, Arlene Zwilling sent an email which advised that the County computers in her office do not presently have video conferencing software.

### **DESPITE HERCULEAN EFFORTS TO CONDUCT VIDEO DEPOSITIONS, ADDRESSING ALL OF ARLENE ZWILLING'S LIMITATIONS, DEFENDANTS REFUSE TO BE DEPOSED**

The undersigned walked into a Costco store and purchased a computer with a web camera. The undersigned endeavored to employ and utilize a court reporting service that would not only advise Defendants but provide the hardware if Defendants were unable to utilize Suffolk County Hardware to conduct depositions. Plaintiffs' counsel has yielded to every whim and caprice of Defendants while Ms. Zwilling remains insatiable, even when the court reporter is going to provide the hardware, software and setup that my firm and colleagues recently purchased.

On April 17, 2020, Plaintiffs sent an electronic mail to Ms. Zwilling that highlighted the Chief Judge of New York State had all attorneys conducting appearances by video and that other County Attorneys and were appearing by video conference. Ms. Zwilling's excuses ran dry – her refusal is one of delay and obfuscation. On April 18, 2020, Ms. Zwilling wrote a verbose electronic mailing giving numerous reasons why she would not proceed with depositions none of which allow the Defendants to unilaterally delay, refuse to comply with discovery demands or move for dispositive motions without seeking permission from either the magistrate or district court judge.

### **LEGAL ARGUMENT**

Defendants refuse to comply with discovery yet purport to have filed a motion for judgment on the pleadings while simultaneously denying Plaintiffs the right to depose named Defendants. Discovery was not stayed and permission to file a dispositive motion was not granted. Plaintiff respectfully requests that This Court Order a remedy that allows the "secure the just, speedy, and inexpensive determination of [this] action." Fed. R. Civ. P. 1 either by a trial, the striking of the Defendants' Answer or by conditional Order striking the Defendants' Answer should Defendants continue to delay these proceedings by not producing Defendants on a date certain.

Arlene Zwilling refuses to produce named Defendants for deposition, literally forcing the undersigned to engage in the herculean task of not only purchasing and learning new computer systems but finding a court reporting service to help Ms. Zwilling to do the same, the court reporting service **even agreed to provide hardware and assist Ms. Zwilling**, addressing every conjured concern that counsel could create to delay depositions and cause continued delay. Although Rule 37 sanctions are "a harsh remedy to be used only in extreme situations," *Agiwal v. Mid Island Mort. Corp.,* 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted), they "protect other parties to the litigation from prejudice resulting from a party's noncompliance" and "serve other functions unrelated to the prejudice suffered by individual litigants[,]" including specific and general deterrence. *S. New England Tel. Co. v. Global NAPs Inc.,* 624 F.3d 123, 149 (2d Cir. 2010) (internal quotation marks and citations omitted).

Plaintiffs submit that defense counsel's failures warrant an order striking Defendants' motion together with a conditional Order striking Defendants' answer should Defendants not avail themselves for depositions. *See, e.g., Everhome Mortg. Co. v. Charter Oak Fire Ins. Co.,* No. 07-cv-98, 2011 U.S. Dist. LEXIS 105402 (E.D.N.Y. Apr. 18, 2011) (Report and Recommendation), *adopted,* 2011 U.S. Dist. LEXIS 102244 (E.D.N.Y. Sept. 12, 2011) (entering a default judgment against a party who consistently refused to respond to discovery requests; violated court orders; and ceased communicating with her

counsel); *Gumwand, Inc. v. Gum Wand, Ltd.,* No. 15-cv-707, 2016 U.S. Dist. LEXIS 155852 (E.D.N.Y. Oct. 13, 2016) (Report and Recommendation), *adopted,* 2016 U.S. Dist. LEXIS 154466 (E.D.N.Y. Nov. 4, 2016).

## CONCLUSION

Plaintiff respectfully requests that this Honorable Court strike Arlene Zwilling's purported motion for judgment on the pleadings made without a pre-motion letter, declaration or any exhibits as procedurally defective and without Court permission or, alternatively, allow Plaintiffs to cross-move to strike Defendants' answer for refusing to produce witnesses for deposition if not Conditionally Ordering the striking Defendants' answer should Ms. Zwilling fail to produce Defendants for depositions on a date certain set forth by This Honorable Court.

Should the Court have any questions or concerns, please do not hesitate to contact the undersigned. We thank the Court for its kind consideration.

Respectfully submitted,

Richard W. Young, Sr. Esq.
(RWY7633)
*Attorney for the Plaintiffs*