**COUNTY OF SUFFOLK**



STEVE BELLONE
SUFFOLK COUNTY EXECUTIVE

DENNIS M. COHEN
ACTING COUNTY ATTORNEY

DEPARTMENT OF LAW

May 13, 2020

Hon. A. Kathleen Tomlinson, U.S.M.J.
United States District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re: Nin et an. v. County of Suffolk, et al.
    19-cv-1546(SJF)(AKT)

Dear Judge Tomlinson:

The Suffolk County Attorney's Office represents Suffolk County defendants ("County defendants") in this civil rights action pursuant to 42 U.S.C. §1983 brought by plaintiffs Jennifer Nin and Diane Tritschler. County defendants submit this letter in opposition to the letter of plaintiffs' counsel Richard W. Young Sr., Esq. dated May 11, 2020 (docket entry no. 88).

This case concerns the loss of plaintiff Nin's employment with the Town of Islip, and the temporary suspension of both plaintiffs' Suffolk County pistol licenses. The pistol licenses were returned in 2019.

Plaintiffs appear to seek three forms of relief at this time: a) that County defendants' motion for judgment on the pleadings pursuant to Rule 12(c) be stricken; b) permission to move to strike County defendants' Answer; and/or c) a conditional order striking County defendants' answer if they do not appear for depositions. Respectfully, the Court should refrain from granting plaintiffs any of the relief they request.

Plaintiffs move to strike our Rule 12(c) motion for judgment on the pleadings on the basis that it was filed without a pre-motion conference, declaration or exhibits. As a dispositive motion, our Rule 12(c) motion is made before District Judge Feuerstein. Judge Feuerstein does not require or hold pre-motion conferences. *1. C, Individual Rules of Hon. Sandra J. Feuerstein, U.S.D.J.* There is no requirement that a motion be supported by a declaration or exhibits if same are not needed for determination. Indeed, since the motion seeks

LOCATION
H. LEE DENNISON BLDG.
100 VETERANS MEMORIAL HIGHWAY    ♦

MAILING ADDRESS
P.O. BOX 6100
HAUPPAUGE, NY  11788-0099    ♦

(631) 853-4049
TELECOPIER (631) 853-5169

judgment on the pleadings, the Court's consideration is limited to review of the pleadings and the legal arguments in support of the motion. Plainly, there is nothing improper about the procedure or form of the motion.

Although plaintiffs do not need permission to make a discovery motion, their pursuit of relief under Rule 37 is nonetheless procedurally improper. Rule 37 empowers the Court to strike a party's pleading where they have failed to comply with a Court order. *Fed.R.Civ.P Rule 37(b)(2)(iii).* Since the Court has not issued an order directing any defendant to appear for a deposition, there is no procedural basis for the drastic relief of striking an Answer. See *Juliao v. Charles Rutenberg Realty, Inc.*, 2018 WL 5020167, at * 6 (E.D.N.Y. July 23, 2018) citing *Ehret v. New York City Dep't of Soc. Servs.,* 102 F.R.D. 90, 102 (E.D.N.Y. 1984) ("The harshest sanctions are appropriate only in the event of repeated defiance of express court orders…..")

Moreover, County defendants have not refused to appear for depositions. On the contrary, we have been working to find a way to proceed with depositions in the face of the obstacles presented by the current Covid-19 pandemic. County computers cannot be used for depositions because they do not have cameras or microphones.[1] Mr. Young contends that a court reporting service can supply us with the necessary hardware and software. However, all five individual County defendants wish to exercise their right under Local Rule 30.3 to be present at each deposition. I am informed by William Wexler, Esq., counsel for the Town defendants, that his four individual clients also wish to be attend County Defendants' depositions. With counsel and the court reporter included, that would require the court reporting service to provide and link up at least 13 computers for the depositions. It is not at all clear that there is a court reporting firm that can supply the necessary number of computers and software, assuming that there is software that can accommodate so many individuals for a deposition. Even if the required equipment can be supplied, it is still necessary for me to meet with my clients to prepare them to be deposed. That would require me to meet in person with my clients, police officers and first responders who have significant exposure to Covid-19. We do not believe that it is reasonable for plaintiffs to insist that my clients and I to expose our health to such risks.

Furthermore, there does not appear to be a need for the depositions to proceed immediately. Depositions are not needed for plaintiffs to respond to our motion because the motion is based purely on the insufficiency of the Complaint. Pursuant to the February 20, 2020 Order of Judge Feuerstein, discovery is not scheduled to conclude until August 10, 2020, more than three months from now. It is certainly possible that in the interim, health conditions will sufficiently improve to allow the depositions to be conducted in person. Should that not occur, County defendants would readily take the initiative to request an extension of the discovery schedule from the Court.

---

[1] Mr. Young asserts that some Assistant County Attorneys have appeared by video at court conferences. As best as I have been able to ascertain, this Court has not conducted video conferences in any case in which my office is involved.

As for Mr. Young's statement that he has "expended great costs for electronic court reporting," it is unclear what court reporting costs he refers to. Since the depositions have not yet taken place, no costs to court reporters should have been incurred.

Lastly, I am constrained to disagree with Mr. Young's statement that plaintiffs engaged in a good faith "meet and confer" prior to filing their motion. Although Mr. Young did reach out to me on May 8, 2020 by phone, he made a few brief remarks, then hung up the phone before I was able to speak more than a single sentence. Unfortunately, he thereby foreclosed any opportunity to discuss the issue he now brings to the Court. We do not believe that the "meet and confer" requirement is satisfied by such a cursory contact with opposing counsel.

In conclusion, County defendants ask that the Court decline to grant plaintiffs any relief at this time.

We thank the Court for its continued time and attention to this case.

Respectfully submitted,

Dennis M. Cohen
Acting County Attorney
*/s/ Arlene S. Zwilling*
By:  Arlene S. Zwilling
Assistant County Attorney

LOCATION
H. LEE DENNISON BLDG.
100 VETERANS MEMORIAL HIGHWAY   ♦

MAILING ADDRESS
P.O. BOX 6100
HAUPPAUGE, NY  11788-0099   ♦

(631) 853-4049
TELECOPIER (631) 853-5169