UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JENNIFER NIN and DIANNE TRITSCHLER,

                              Plaintiffs,

-against-                          19-cv-1546(SJF)(AKT)

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE,
STEVEN BELLONE, SUFFOLK COUNTY POLICE
COMMISSIONER GERALDINE HART, SUFFOLK
COUNTY PISTOL LICENSING BUREAU EXECUTIVE
OFFICER SGT. WILLIAM WALSH, SUFFOLK COUNTY
COMMANDING OFFICER OF THE PISTOL LICENSING
BUREAU LIEUTENANT MICHAEL KOMOROWSKI,
PISTOL LICENSING BUREAU POLICE OFFICER MARC
SFORZA, TOWN OF ISLIP, ANGIE CARPENTER, TOWN
SUPERVISOR, DIRECTOR OF AIRPORT SECURITY
KEVIN BURKE, ISLIP TOWN PERSONNEL DIRECTOR
ARTHUR ABBATE, AIRPORT COMMISSIONER SHELLY
LAROSE-ARKEN, SUFFOLK COUNTY PISTOL LICENSING
BUREAU INVESTIGATOR NICHOLAS LORUSSO and
SUFFOLK COUNTY POLICE DEPARTMENT DETECTIVE
SGT. MICHAEL FLANAGAN,
                              Defendants.

**COUNTY DEFENDANTS' REPLY MEMORANDUM OF LAW**

DATED:     Hauppauge, New York
              May 20, 2020

                                    Respectfully submitted,

                                    Dennis M. Cohen
                                    Suffolk County Attorney
                                    Attorney for County Defendants
                                    H. Lee Dennison Building
                                    100 Veterans Memorial Highway
                                    P. O. Box 6100
                                    Hauppauge, New York 11788

                                    By:  Arlene S. Zwilling
                                    Assistant County Attorney

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................... 1

POINT I
PLAINTIFFS' CONTENTIONS REGARDING DISCOVERY
ARE IRRELEVANT TO THE MOTION ......................................................................................... 1

POINT II
PLAINTIFFS FAIL TO ARTICULATE A CONSTITUTIONAL VIOLATION ....................... 2

    A.   County Defendants' Alleged Conduct Does Not Amount to an
        Infringement of the Second Amendment or Due Process Clause ................................... 2

    B.   Nin Fails to Assert That She Engaged in Any Protected Speech ..................................... 4

    C.   The Complaint Does Not Plead a Cognizable "Class of One" Claim ............................. 5

    D.   County Defendants' Asserted Actions Do Not Implicate The Eighth
        Amendment's Excessive Fines Clause ................................................................................ 6

    E.   County Defendants' Purported Actions Do Not Trigger the Fifth
        Amendment's Takings Clause .............................................................................................. 7

POINT III
PLAINTIFFS FAIL TO SHOW THAT THEY ARE ENTITLED TO LEAVE TO AMEND ................. 8

CONCLUSION .................................................................................................................................... 8

# TABLE OF AUTHORITIES

*1256 Hertel Ave. Assocs., LLC v. Calloway*,
    761 F.3d 252 (2d Cir. 2014) ................................................................................................... 7

*Analytical Diagnostic Labs, Inc. v. Kusel*,
    626 F.3d 135 (2d Cir. 2010) ................................................................................................... 5

*Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*,
    492 U.S. 257, 109 S. Ct. 2909, 106 L. Ed. 2d 219 (1989) ..................................................... 6

*Clubside, Inc. v. Valentin*,
    468 F.3d 144 (2d Cir. 2006) ................................................................................................... 5

*Connick v. Myers*,
    461 U.S. 138, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983) ....................................................... 4

*Curley v. Vill. of Suffern*,
    268 F.3d 65 (2d Cir. 2001) ..................................................................................................... 5

*Harrington ex rel. Harrington v. Cty. of Suffolk*,
    2009 WL 2567959 (E.D.N.Y. Aug. 17, 2009) ....................................................................... 4

*Johnson El ex rel. Johnson v. DeProspo*,
    2019 WL 6311882 (S.D.N.Y. Nov. 22, 2019) ....................................................................... 6

*Kachalsky v. Cty. of Westchester*,
    701 F.3d 81 (2d Cir. 2012) ..................................................................................................... 7

*Lilakos v. New York City*,
    2020 WL 1696118 (2d Cir. Apr. 8, 2020) ............................................................................. 5

*Mitchell v. County of Nassau*,
    786 F.Supp.3d 945 (E.D.N.Y. 2011) ..................................................................................... 5

*Moffitt v. Town of Brookfield*,
    950 F.2d 880 (2d Cir. 1991) ................................................................................................... 3

*Napolitano v. Ryder*,
    2019 WL 365710 (E.D.N.Y. Jan. 30, 2019) .......................................................................... 6

*Porat v. Lincoln Towers Cmty. Ass'n*,
    464 F.3d 274 (2d Cir. 2006) ................................................................................................... 8

*Provost v. City of Newburgh*,
  262 F.3d 146 (2d Cir. 2001) ............................................................................................................. 3

*Ruston v. Town Board of Town of Skaneateles*,
  610 F.3d 55 (2d Cir. 2010) ............................................................................................................... 6

*Sousa v. Roque*,
  578 F.3d 164 (2d Cir. 2009) ............................................................................................................. 4

*Timbs v. Indiana*,
  139 S. Ct. 682, 203 L. Ed. 2d 11 (2019) ......................................................................................... 6

*Vill. of Willowbrook v. Olech*,
  528 U.S. 562, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000) ........................................................ 5

*Wright v. Smith*,
  21 F.3d 496 (2d Cir. 1994) ............................................................................................................... 3

**PRELIMINARY STATEMENT**

County defendants submit this memorandum of law in reply to plaintiffs' submission in opposition to their motion pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings dismissing the Complaint as against them, and in further support of the motion.

For the reasons set forth below and in County defendants' moving memorandum of law, the motion should be granted without providing plaintiffs leave to amend their complaint.

**POINT I**

**PLAINTIFFS' CONTENTIONS REGARDING DISCOVERY ARE IRRELEVANT TO THE MOTION**

As thoroughly explained in the moving memorandum of law, County defendants are entitled to judgment on the pleadings pursuant to Rule 12(c) because, taking the allegations of the Complaint as true for purposes of the motion, no conduct by County defendants amounting to constitutional violation is asserted.

In response, plaintiffs argue that they require discovery to gather the facts needed to oppose the motion. Tellingly, they do not identify a single issue of fact that must actually be resolved for the motion to be correctly be determined. It is clear that there are no such issues and could not be any since by moving under Rule 12 (c), County defendants invite the Court to assume the truth of plaintiffs' allegations for purposes of the motion. Plaintiffs' plea for discovery rings hollow for they lack a cognizable § 1983 claim even if their assertions are taken as true.

Besides, plaintiffs' assertions that County defendants have attempted to deny them discovery is inaccurate and diversionary. The progress of discovery has no bearing upon the

1

sole question presented on this motion: whether plaintiffs state a legally cognizable § 1983 claim. Whether County defendants' depositions should go forward during the current Covid-19 pandemic is presently the subject of a motion by plaintiffs now pending before Magistrate Judge Tomlinson (docket entries nos. 88, 89, 91). Nin's claim that defense counsel misled the Court by not revealing that the criminal charges against her were closed is patently untrue. There never were any criminal charges against Nin, as evidenced by her repeated statements in the Complaint and Affidavit in Support of Order to Show Cause that she was not charged. Indeed, one of wrongs she alleges on the part of County defendants is that her pistol license was suspended despite that fact that she was not charged (¶68, 89, 94, Complaint, docket entry no 1, document 1; ¶40, 56, 60, 61, Affidavit in Support of Order to Show Cause, docket entry no. 1, document no.4). Likewise, there is no merit to plaintiffs' claim that County defendants have failed to produce the Police Department's Internal Affairs Bureau report of its investigation. The Suffolk County Attorney's Office is still awaiting completion and release of the investigatory report by the Police Department (see Declaration of Arlene S. Zwilling). Plainly, plaintiffs' grievances about discovery are a transparent effort to divert the Court's attention from the irremediable inadequacies of their pleading.

## POINT II

### PLAINTIFFS FAIL TO ARTICULATE
### A CONSTITUTIONAL VIOLATION

**A.     County Defendants' Alleged Conduct Does Not Amount to an Infringement of the Second Amendment or Due Process Clause.**

Plaintiffs do not disagree that, as explained in Point I.A of defendants' moving memorandum of law, the weight of authority holds that there is no Second Amendment right

2

to a pistol license in New York, and consequently no process is due under the Fourteenth Amendment before a license can be suspended or revoked.

In response, plaintiffs contend that there is, or should be, an exception to these principles for persons whose occupation entails carrying a firearm. Yet, they point to no case law at all supporting the existence of this supposed exception. The general legal precepts they rely on do not warrant the Court extending itself to carve out such an exception to existing law.

In any event, as alleged in the Complaint, Tritschler is now retired and thus not engaged in any vocation for which she needs to carry a weapon (¶4, Complaint). Nin's suggestion that County defendants transgressed her constitutional rights by terminating her vocation without due process by suspending her pistol license misapprehends the concept of personal involvement necessary for §1983 liability. Nin was not employed by the County, but by the Town. Even if the suspension of her pistol license contributed to the Town's decision to terminate Nin's employment (and even if the termination was improper), the termination could not be the basis of §1983 liability by County defendants since §1983 liability requires personal participation in committing a constitutional violation. *Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir. 2001) quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991)) (personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983). Simply put, County defendants did not impair Nin's constitutional rights by terminating her because they did not terminate her.

Furthermore, were the Court to accept plaintiffs' invitation to carve out the exception to existing law they seek and now hold as a matter of first impression that the Second

3

Amendment and/or Due Process Clause required additional protections before a pistol license held by a peace office can be suspended, individual defendants' would be entitled to qualified immunity. *Harrington ex rel. Harrington v. Cty. of Suffolk*, 2009 WL 2567959 (E.D.N.Y. Aug. 17, 2009), *aff'd sub nom. Harrington v. Cty. of Suffolk*, 607 F.3d 31 (2d Cir. 2010) (when court pronounces right for the first time, qualified immunity protects defendants from liability for earlier abridgements of the right).

### B.   Nin Fails to Assert That She Engaged in Any Protected Speech.

In apparent recognition that a plaintiff must show that they engaged in speech protected by the First Amendment to state a retaliation claim, Nin belatedly asserts that she is "allowed to speak out against harassment and other criminal conduct taken against civilians, here her friends and colleague" and "wrongdoing."  She also attempts to rehabilitate her deficient First Amendment claim by asserting that defendants conspired against her. The most obvious flaw in the first of these contentions is that it flies in the face of the allegations of the Complaint.  In the Complaint, Nin alleges that the motivation for County defendants' conduct toward her was Finn and Burke's contacts with the Police Department (¶40-56), rather than a desire to retaliate against her.  Secondly, while Nin now argues that she is "allowed to speak out," she does not claim that she actually engaged in any protected speech.  Her remark to Finn, the speech she alleges triggered the retaliation, "that if anything happens because of that text message you will not need FMLA because you will be a stay at home dad" (¶38), is inarguably not protected speech.  See *Sousa v. Roque*, 578 F.3d 164, 170 (2d Cir. 2009) citing *Connick v. Myers*, 461 U.S. 138, 146, 103 S. Ct. 1684, 75 L. Ed. 2d 708

4

(1983) (speech that does not relate to a matter of political, social, or other concern to the community is not protected speech).

Nin's second argument for sustaining her First Amendment claim is deficient for its circularity. Insofar as she engaged in no speech protected by the First Amendment, Nin cannot rely on a purported conspiracy as the basis for a First Amendment claim as conspiracy is not a basis for § 1983 liability absent an underlying constitutional violation. *Mitchell v. County of Nassau*, 786 F.Supp.3d 945, 564 (E.D.N.Y. 2011) citing *Curley v. Vill. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001) (§ 1983 conspiracy claims fails as a matter of law where there is no underlying constitutional violation).

### C.     The Complaint Does Not Plead a Cognizable "Class of One" Claim.

Despite there being no § 1983 equal protection claim in the Complaint, plaintiffs now untimely try to characterize their equal protection claim as a "class of one" claim. However, the factual averments necessary to articulate a class of one claim are absent from the Complaint.

To proceed under a class-of-one theory, a plaintiff must plausibly allege that "there is no rational basis for the difference in treatment," *Lilakos v. New York City*, 2020 WL 1696118, at *2 (2d Cir. Apr. 8, 2020) quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000), as well as "an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Lilakios, id.* quoting *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006). This entails the pleading of specific facts showing that the comparators are similar in relevant respects to plaintiff *Lilakos, id.*, quoting *Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135, 143 (2d Cir. 2010).

5

Plaintiffs do not even identify any comparators, much less plead facts detailing the nature of similarities. Without such allegations, their proffered "class of one" claim founders. See *Ruston v. Town Board of Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (no class of one claim pled against town where plaintiffs fail to assert "specific examples of the town's proceedings, let alone applications that were made by persons similarly situated.")

**D.    County Defendants' Asserted Actions Do Not Implicate The Eighth Amendment's Excessive Fines Clause.**

In essence conceding that they have no claim under the cruel and usual punishment clause, plaintiffs alternatively resort to the excessive fines clause to prop up their inadequate Eighth Amendment claim. While granted *Timbs v. Indiana*, 139 S. Ct. 682, 203 L. Ed. 2d 11 (2019) does hold that the Excessive Fines Clause applies to the states under the due process clause, it matters not. Pistol license holders have no right to any level of process before the license is suspended since they have no protected interest in the license. See, e.g. *Napolitano v. Ryder*, 2019 WL 365710, at *9 (E.D.N.Y. Jan. 30, 2019) (noting that plaintiff has no protectable interest in maintaining their license that would entitle them to post-suspension hearing); *Johnson El ex rel. Johnson v. DeProspo*, 2019 WL 6311882, at *4 (S.D.N.Y. Nov. 22, 2019) (plaintiff has no protected interest entitling them to due process in connection with license revocation).

Moreover, plaintiffs do not allege that any fine was imposed upon them. *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 268, 109 S. Ct. 2909, 106 L. Ed. 2d 219 (1989) (Excessive Fines Clause was intended to limit only those fines directly imposed by, and payable to, the government). Additionally, to the extent that Nin

6

characterizes the termination of her employment as an excessive fine, it was certainly not a fine levied by the County since she was not employed nor terminated by the County.

E.  **County Defendants' Purported Actions Do Not Trigger the Fifth Amendment's Takings Clause.**

Although the Complaint contains no such claim, plaintiffs now posit that they have a viable claim under the Takings Clause of the Fifth Amendment, based upon the temporary taking of their handguns during their license suspensions. Assuming for purposes of argument that having one's personal property removed temporarily, as opposed to permanently, implicates the takings clause, this argument is nonetheless fundamentally deficient because plaintiffs have no right to possess handguns absent a license, *Kachalsky v. Cty. of Westchester*, 701 F.3d 81, 85 (2d Cir. 2012) and no protected property interest in their licenses.  Accordingly, they had no property interest protected by the Takings Clause. *1256 Hertel Ave. Assocs., LLC v. Calloway*, 761 F.3d 252 (2d Cir. 2014) ("threshold question" in takings claim is whether plaintiff had property interest).

Furthermore, it was not County defendants that required plaintiffs to relinquish possession of their handguns during the license suspension. Rather, New York Penal Law § 400.00.11(c) requires that upon suspension or revocation of a license, the license holder must surrender all guns in their possession to the licensing authority.  *N.Y. Penal Law § 400.00.11( c)* ("In any instance in which a person's license is suspended or revoked …..such person shall surrender such license to the appropriate licensing  official  and any and  all firearms,  rifles, or shotguns owned or possessed by such person shall be surrendered…"). County defendants are under a duty to enforce the New York Penal Law, which is all they were doing in requiring plaintiffs to temporarily give up possession of their firearms.

7

## POINT III

### PLAINTIFFS FAIL TO SHOW THAT THEY ARE ENTITLED TO LEAVE TO AMEND

As a fallback position, plaintiffs urge the Court to grant them leave to amend the Complaint. However, they do not cross move for leave, nor do they submit a proposed amended complaint. They do not acknowledge any possible inadequacies in the Complaint, much less explain how they can remedy the defects. Under these circumstances, the Court should refrain from granting them leave to file an Amended Complaint. *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274 (2d Cir. 2006) (District Court properly denies leave to amend where plaintiff's counsel did not advise the how the Complaint's defects would be cured).

### CONCLUSION

For the above reasons, defendants' motion pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings dismissing the Complaint as against them should be granted without leave to plaintiffs to amend the Complaint.

Dated:  Hauppauge, New York
        May 20, 2020

                                        Dennis M. Cohen
                                        Suffolk County Attorney
                                        Attorney for Defendants
                                        100 Veterans Memorial Highway
                                        P.O. Box 6100
                                        Hauppauge, New York 11788

                            By:    */s/ Arlene S. Zwilling*
                                        Arlene S. Zwilling
                                        Assistant County Attorney