# Young & Young, LLP

*ATTORNEYS AT LAW*

**RICHARD W. YOUNG**

863 ISLIP AVENUE
CENTRAL ISLIP, NEW YORK 11722-4816
PHONE - (631) 224-7500
FAX - (631) 224-9400
*WWW.YOUNGANDYOUNGESQ.COM*

**PATRICK F. YOUNG\***

*\*also admitted in Florida*

May 27, 2020

VIA ECF

Hon. Sandra J. Feuerstein
100 Federal Plaza
Central Islip, N.Y. 11722

    Re:  Jennifer Nin, et al. v. County of Suffolk, et al.
        Civil Action No. 19-CV-1546 (SJF) (AKT)

Dear Judge Feuerstein:

  I write this letter in response to Arlene Zwilling's latest letter filed earlier today. First, I did provide opposition to defendant's Motion to Dismiss the matter and I dispute that any documents annexed thereto are "confidential". Enclosed hereto is the non-movant, Plaintiffs' opposition without exhibits, that should have been filed by Ms. Zwilling as per Your Honor's Individual Practice Rules.

  Second, Ms. Zwilling is the movant of the motion and my reading of Your Honor's Individual Practice Rules makes it clear that the movant is responsible to undertake all steps necessary to file the motion. See *Hernandez v. La Cazuela de Mari Restaurant, Inc.*, 538 F. Supp. 2d 528 (E.D.N.Y. 2007). Rather than dispute this, Ms. Zwilling implies that the non-movant is somehow responsible for this filing when that could not be farther from the truth.

  Third, there is no confidentiality issue. It is the defendant who seeks to have exhibits annexed thereto classified as confidential, not the plaintiff. Ms. Zwilling neither filed a premotion letter, nor sought to create a "motion and briefing schedule with [Plaintiffs] in accordance with [Your Honors] bundling rule." See *Vicuna v. OP Schuman & Sons, Inc.*, 298 F. Supp. 3d 419 (E.D.N.Y. 2017). Nonetheless, Plaintiffs opposed Defendants' filing of this motion, see Docket Entry 90, both substantively and procedurally.

  Fourth, Plaintiffs do not wish to generate billable hours regarding this matter, hours that the defendant would then object to in a subsequent fee application.

Fifth, my wife suffered under Coronavirus in April and there were no additional test kits to ascertain if I had the disease. However, based upon my symptoms I was under N.Y.S. ordered quarantine for several weeks along with my wife.

May 27, 2020
Page 2 of 2

Lastly, my office is closed. Due to the Coronavirus, I was forced to furlough all of my staff and anything being undertaken is unduly laborious. The only matter that I am working on in my office is this matter. To that end I have made every effort to schedule depositions, even remotely, and Ms. Zwilling has raised numerous objections even to the court reporting service providing all of the equipment necessary to proceed.

Indeed, as I return to my office to file this letter, I must make the Court aware that I expended thousands of dollars in purchasing the necessary equipment to conduct video depositions, consulted with an experienced attorney who has handled multiple video depositions in federal civil rights matters, employed court reporting services that could accommodate all of the Suffolk County Attorney's Office technological shortfalls together with having multiple parties present on a deposition only to be accused of failing to comply with the rules of this Honorable Court.

Respectfully, please find enclosed what should have been provided pursuant to Your Honor's bundling rule without waiving Plaintiffs' objections outlined in Docket Entry 90.

Should the Court have any questions or concerns, please do not hesitate to contact the undersigned. We thank the Court for its kind consideration and attention to these matters.

Very truly yours,

Richard W. Young, Sr., Esq.
(RWY7633)

RWY:mmy/chm

CC: Suffolk County Attorney Dennis M. Brown
Attn: Arlene S. Zwilling, Asst. County Attorney
Attorney for County of Suffolk
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, N.Y. 11788

May 27, 2020 Page 3

William D. Wexler, Esq.
816 Deer Park Avenue
North Babylon, N.Y. 11703

Encl: