2:19-cv-01546-SJF-AKT

# United States District Court

## Eastern District of New York

Jennifer Nin And Dianne Tritschler,

*Plaintiffs*

—v—

County Of Suffolk, Suffolk County Executive, Steven Bellone, Suffolk County Police Commissioner Geraldine Hart, Suffolk County Pistol Licensing Bureau Executive Officer Sgt. William Walsh, Suffolk County Commanding Officer Of The Pistol Licensing Bureau Lieutenant Michael Komorowski, Pistol Licensing Bureau Police Officer Marc Sforza, Town Of Islip, Angie Carpenter, Town Supervisor, Director Of Airport Security Kevin Burke, Islip Town Personnel Director Arthur Abbate, Airport Commissioner Shelly Larose-Arken, Suffolk County Pistol Licensing Bureau Investigator Nicholas Lorusso And Suffolk County Police Department Detective Sgt. Michael Flanagan,

*Defendants*

# Plaintiffs' Declaration In Support Of Their Opposition To Suffolk County Defendants' Motion To Dismiss

## DECLARATION OF RICHARD YOUNG

I, Richard Young, an attorney duly licensed to practice law in the State of New York and admitted to practice in the Eastern District of New York, declare under the penalties of perjury pursuant to 28 U.S.C. § 1746, that the following statements are true and correct, to the best of my knowledge:

1. I am the counsel of record for Plaintiffs, **Jennifer Nin And Dianne Tritschler.**

2. Suffolk County Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE, STEVEN BELLONE, SUFFOLK COUNTY POLICE COMMISSIONER GERALDINE HART, SUFFOLK COUNTY PISTOL LICENSING BUREAU EXECUTIVE OFFICER SGT. WILLIAM WALSH, SUFFOLK COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING BUREAU LIEUTENANT MICHAEL KOMOROWSKI, PISTOL LICENSING BUREAU POLICE OFFICER MARC SFORZA (hereinafter "Defendants") are seeking to dismiss this complaint on the pleadings together with the attachments thereto.

3. Your Honor has encouraged settlement while Defendants have fostered never ending litigation, see *infra,* and refused to provide discovery necessary for a dispositive motion. *Villante* v. *Dept. of Corrections of City of New York,* 786 F.2d 516 (2d Cir. 1986).

4. Indeed, "Where the plaintiff's claim could only succeed upon a showing of actual or constructive knowledge on the part of supervisory personnel and where facts solely in the defendants' control were therefore at the heart of the necessary proof, the district court's failure to order compliance with the plaintiff's request for deposition discovery was an especially crippling blow." *Id.* (citing *Gary Plastic Packaging Corp.* v. *Merrill Lynch, Pierce, Fenner & Smith,* 756 F.2d 230, 236–37 (2d Cir.1985)).

5. That the plaintiff Jennifer Nin was terminated and 16 days later the "criminal case" which had originally begun as a

dispute between coworkers and upgraded to Aggravated Harassment was closed by the Suffolk County Police Department. See **Exhibit "A"**. In an attempt to bolster the termination of Ms. Nin, Defendant Chief Burke endeavored to seek to determine if Ms. Nin was still in possession of the Patrol Rifle (AR-15) which she possessed as part of her duties as a Peace Officer in the State if New York. Chief Burke found a patrol rifle in the Sergeant's Room a secure area behind the 24 hour man desk of the Airport Security Office and seized same taking it home. Sgt. Passalacqua who was on vacation, upon discovering this sought to know why the Chief had taken his patrol rifle from his office. The Defendant Burke stated he believed it was Jennifer Nin's which Sgt. Passalacqua denied explaining that it was his and that he as the Suffolk County Police Department Trained instructor for patrol rifles was not only authorized to have same but was the one designated to train the other officers at the airport on. Please see text communications between Defendant Burke and Sgt. Passalacqua demonstrating these communications as **Exhibit "B"**. Please further see Sgt. Passalacqua's Certificate from the Suffolk County Police Department designating him as a training officer on these patrol rifles as **Exhibit "C"**.

6. Upon returning to work Chief Burke demanded to know the owner of such weapon. Sgt. Passalaqua produced his FFL book and demonstrated that the weapon at issue was in fact assigned to him. Chief Burke took a picture of same.

7. Thereafter, Chief Burke contacted on Sgt. Flannagan of the 6th Precinct. Interestingly Ms.Nin lives in the 7th Precinct and MacArthur Airport is in the 5th Precinct.. Sgt Flannagan attempted to contact Jennifer Nin regarding the patrol rifle leaving his business card at her home with her mother, Diane Tritschler who immediately contacted Sgt. Passalacqua and informed him of same. Sgt. Passalacqua contacted Sgt. Flanagan and advised that it was not Plaintiff Jennifer Nin's

patrol rifle but his. Sgt. Flanagan went to Sgt. Passalacqua's Training Facility in Bohemia and claimed that Peace Officers were unauthorized to possess such weapons under the Safe Act despite the New York State Penal Law and the Criminal Code which says designated Peace Officers are authorized. Sgt. Flanagan stated he was relying upon their Firearms Expert Nicholas LoRusso, a civilian investigator in the Suffolk County Police Department Pistol Licensing Section. Sgt. Flanagan Seized all weapons from Sgt. Passalacqua stating it was now a criminal investigation. Sgt Passalacqua received notice his Pistol License was suspended by the Suffolk County Police Department Pistol License Section pending the investigation. Sgt Passalacqua was terminated by the Town of Islip on January 4, 2019. On January 17, 2019 the criminal case against Sgt. Passalacqua was closed non-criminal. Please see a copy of Sgt. Flanagan's Report of January 17, 2019 annexed hereto as **Exhibit "D"**. Thus, Chief Burke obtained a "twofer" out of his actions. Astonishing is the fact that right after both terminations the "criminal matters" were immediately closed without any arrest or further investigation. Clearly, mission accomplished.

8. Obviously, Suffolk County knew this and did not disclose these facts to plaintiff or the court until very belated discovery was finally tendered. Moreover, the Plaintiff's have demanded all the Internal Affairs Reports. Magistrate Tomlinson declined to order Suffolk County to turn it over to the plaintiffs, however, she demanded that Suffolk County provide the court with the Internal Affairs Report for her review. To date no evidence exists that it was ever provided to the court.

9. However, Suffolk County did provided audio of interviews done by Internal Affairs Lt. Best and clearly they demonstrate that no actual investigation was ever done regarding the plaintiffs and that the closed criminal reports were not placed in the Computer System of Suffolk County Police Department until

after the Federal Law Suit was commenced. Please find transcripts Plaintiff's had ordered from the Audio provided in Discovery annexed hereto as **Exhibit "E"**.

10. I am familiar with the facts of this case, and make opposition to the motion to dismiss the Plaintiffs' complaint, together with the exhibits enclosed thereto.

## PRELIMINARY STATEMENT

11. The first Conference was held before Your Honor, the Honorable Sandra J. Feuerstein on April 24, 2019.

12. Thereafter, this matter was referred to the Honorable Kathleen A. Tomlinson for discovery. The first conference was held on October 11, 2019 and the initial completion of fact discovery was set by Your Honor as January 13, 2020.

13. These Defendants refuse to make themselves available for depositions and have refused to provide meaningful discovery.

14. Defendants, by Arlene Zwilling, state that they need to be physically present, that none of these Defendants have access to computers but even if they did that Ms. Zwilling needs to meet with them prior to deposition and she cannot do that because of COVID-19.

15. There is no assailing these Defendants who simply refuse to proceed with discovery and, accordingly, it is Plaintiffs' request that Your Honor not allow this case to flounder on the Court's docket because of defense counsel's refusal to produce her clients, electronically and safely, for deposition discovery that has riddled this case with delay.

## PROCEDURAL HISTORY: DEFENDANTS DELAY AND REFUSAL TO PRODUCE NAMED DEFENDANTS FOR DEPOSITION

16. On November 1, 2019, the undersigned received an electronic mailing from Mr. William Wexler, counsel for Islip Defendants, with a list of dates that he would be available to do depositions.

   Both sides met and conferred because Plaintiffs did not receive sufficient discovery to conduct a proper deposition.

17. By letter by facsimile dated January 15, 2020, the undersigned sought to meet and confer to obtain known missing discovery. On January 28, 2020 the undersigned sought to commence depositions beginning on February 10, 2020 and continued thereafter until complete. Ms. Zwilling responded that she could not comply with those dates and she needed additional time to advise when her witnesses were available. The next day, Mr. Wexler sent a letter dated January 29, 2020 demanding to depose plaintiffs first to which the undersigned complied. Previously, plaintiff had served a subpoena on a non-party entity seeking an IP Address and the defendants sought to quash the subpoena. A conference was held on February 12, 2020, where certain information from the Subpoena was struck and other information was granted.

DATED AT   Suffolk, New York
           May 14, 2020

_____
RICHARD YOUNG, ESQ. (RWY7633)
ATTORNEY FOR PLAINTIFFS

**CORY H. MORRIS** (CM 5225)
THE LAW OFFICES OF CORY H. MORRIS
*OF COUNSEL TO RICHARD YOUNG, ESQ.*
*Attorney for the Plaintiffs*
135 Pinelawn Road, Suite 250s
Melville NY 11747
Phone:  (631) 450–2515
FAX :  (631) 223–7377
Email :

To: ARLENE ZWILLING, ESQ.
SUFFOLK COUNTY ATTORNEY'S OFFICE
H. Lee Dennison Building
Veteran's Memorial Highway
Hauppauge NY 11788

William D. Wexler, Esq.
816 Deer Park Avenue
North Babylon, N.Y. 11703