2:19-cv-01546-SJF-AKT

# United States District Court

## Eastern District of New York

JENNIFER NIN AND DIANNE TRITSCHLER,

*Plaintiffs*

–V–

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE, STEVEN BELLONE, SUFFOLK COUNTY POLICE COMMISSIONER GERALDINE HART, SUFFOLK COUNTY PISTOL LICENSING BUREAU EXECUTIVE OFFICER SGT. WILLIAM WALSH, SUFFOLK COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING BUREAU LIEUTENANT MICHAEL KOMOROWSKI, PISTOL LICENSING BUREAU POLICE OFFICER MARC SFORZA, TOWN OF ISLIP, ANGIE CARPENTER, TOWN SUPERVISOR, DIRECTOR OF AIRPORT SECURITY KEVIN BURKE, ISLIP TOWN PERSONNEL DIRECTOR ARTHUR ABBATE, AIRPORT COMMISSIONER SHELLY LAROSE-ARKEN, SUFFOLK COUNTY PISTOL LICENSING BUREAU INVESTIGATOR NICHOLAS LORUSSO AND SUFFOLK COUNTY POLICE DEPARTMENT DETECTIVE SGT. MICHAEL FLANAGAN,

*Defendants*

# PLAINTIFFS' MOTION TO REOPEN CASE

1. Liberally construed, plaintiff seeks relief from the Court's judgment pursuant to Fed. R. Civ. Pro. 60(b)(6) (Filing No. 12). Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988).

2. The Case was closed by your Honor pending discovery perhaps with the strong suggestion that the matter resolve itself without judicial intervention. While plaintiff was deposed, defendants were not. Despite numerous attempts to continue with depositions of defendants the municipal defendants refused always citing COVID-19. Moreover, due to COVID-19, I closed my law firm, laid off all my staff and have not been able to function as an attorney due to health circumstances for which I enlisted the assistance of another capable Civil Rights Attorney. With the aid of my wife and this attorney assisting me, we responded to the voluminous motions being filed by the municipal defendants who no doubt would not spend taxpayer dollars on a lawsuit they thought was closed. During this time period my wife and I both contracted COVID-19. Additionally, I lost all sight in my right eye and required surgery in July. Unfortunately, that surgery has not been successful.

3. While this case was apparently closed administratively, during the coronavirus pandemic motions, oppositions and reply affirmations were filed and accepted by the Court and conference dates were set. Plaintiff assumed that the case was therefore active.

4. The companion case of Passalacqua v. Suffolk County, et al., was commenced on 10/10/19 by Summons and Complaint. These actions were effectively joined for discovery purposes, with the same closing of the case. Similarly, defendants have not proceeded forward with discovery or depositions citing COVID-19. As the parties agreed Suffolk County defendants would be deposed first and Arlene Zwilling stated that they needed to be physically present and that none of these defendants have access to computers but even if they did that Ms. Zwilling needs to meet with them prior to deposition. My office undertook the financial expenses to equip the office cameras and offered Ms. Zwilling the use of laptops to conduct such depositions to no avail. She still refuses to produce the defendants for deposition.

5. Moreover, it has been alleged that all the named parties have a right to and demand to be part of each deposition, including all Town defendants and therefore COVID-19 has precluded their rights to do so. Pre-letter motions were addressed to USMJ A. Kathleen Tomlinson seeking to compel the depositions of the defendants.

6. It is Plaintiffs' request that your honor not allow this case to flounder on the Court's docket because of defense counsel's refusal to produce her clients, electronically and safely, for deposition discovery that has riddled this case with delay.

7. Defendants obviously have impliedly consented as they have refiled their motions for summary judgment post the order of the Court dated 2/24/21 and seek to have a final determination on the merits.

8. Similarly, as the Supreme Court held in <u>Dada v. Mukasey</u>, "[t]he purpose of a motion to reopen is to ensure a proper and lawful disposition." 554 U.S. 1, 18 (2008). See also <u>Kucana v. Holder</u>, 558 U.S. 233, 242 (2010) (reaffirming that a motion to reopen is an "important safeguard"). Such a motion should be granted where " circumstances have denied the moving

party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005).

9. At this time I am winding down my practice and seeking to leave the practice of law as it is now nothing but a financial burden to practice law with virtually no operating courts of law. I now received the Order closing this matter while my wife and I were out of State looking for a new home. Plaintiff seeks to have both cases reopened so that the plaintiffs can have their rightful day in court to air their grievances

10. IF the Court seeks a more formal motion, please allow plaintiffs to resubmit.

DATED:   Central Islip, New York
         March 9, 2021

*[signature: Richard W. Young Sr.]*

**RICHARD YOUNG, ESQ. (RWY7633)**
*ATTORNEY FOR PLAINTIFFS*

**CORY H. MORRIS (CM5225)**
THE LAW OFFICES OF CORY H. MORRIS
*OF COUNSEL TO RICHARD YOUNG, ESQ.*
*Attorney for the Plaintiffs*
135 Pinelawn Road, Suite 250s
Melville NY 11747
Phone:  (631) 450–2515
FAX:    (631) 223–7377


To: Arlene Zwilling, Esq.
    Suffolk County Attorney's Office
    H. Lee Dennison Building
    Veterans Memorial Highway
    Hauppauge, NY 11788

    William D. Wexler, Esq.
    816 Deer Park Avenue
    North Babylon, N.Y. 11703