21-818-cv
*Nin v. County of Suffolk*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand twenty-two.

Present:
>    DEBRA ANN LIVINGSTON,
>        *Chief Judge*,
>    AMALYA L. KEARSE,
>    JOHN M. WALKER, JR.,
>        *Circuit Judges*.

_____

JENNIFER NIN, DIANNE TRITSCHLER,

>    *Plaintiffs-Appellants*,

v.                                                                                              21-818

COUNTY OF SUFFOLK, GERALDINE HART, SUFFOLK COUNTY POLICE COMMISSIONER, STEVEN BELLONE, SUFFOLK COUNTY EXECUTIVE, SGT. WILLIAM WALSH, SUFFOLK COUNTY PISTOL LICENSING BUREAU EXECUTIVE OFFICER, LIEUTENANT MICHAEL KOMOROWSKI, SUFFOLK COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING BUREAU, MARC SFORZA, PISTOL LICENSING BUREAU POLICE OFFICER, TOWN OF ISLIP, ANGIE CARPENTER, TOWN SUPERVISOR, KEVIN BURKE, DIRECTOR OF AIRPORT SECURITY, ARTHUR ABBATE, ISLIP TOWN PERSONNEL DIRECTOR, SHELLY LAROSE-ARKEN, AIRPORT COMMISSIONER, NICHOLAS LORUSSO, SUFFOLK COUNTY PISTOL LICENSING BUREAU

INVESTIGATOR, SGT. MICHAEL J. FLANAGAN, SUFFOLK COUNTY POLICE DEPARTMENT DETECTIVE,

*Defendants-Appellees.*

―――――――――――――――――――――――――

| | |
|---|---|
| For Plaintiff-Appellant Nin: | JENNIFER NIN, *pro se*, Middle Island, New York. |
| For Plaintiff-Appellant Tritschler: | Dianne Tritschler, *pro se*, Middle Island, New York. |
| For Suffolk Defendants-Appellees: | Arlene S. Zwilling, Assistant County Attorney, *for* Dennis M. Cohen, Suffolk County Attorney, Hauppauge, New York. |
| For Islip Defendants-Appellees: | William D. Wexler, Law Office of William D. Wexler, North Babylon, New York. |

Appeal from an order of the United States District Court for the Eastern District of New York (Feuerstein, *J.*; Tomlinson, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 18, 2021 order of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiffs-Appellants Jennifer Nin and Dianne Tritschler, proceeding *pro se* on appeal, sued the County of Suffolk, the Town of Islip, and eleven of their employees for violations of Plaintiffs-Appellants' constitutional rights pursuant to 42 U.S.C. § 1983 in connection with the confiscation of their firearms, suspension of their pistol licenses, and Nin's termination from a position as a peace officer. In February 2020, following a status conference, the district court closed the case, instructing the parties that the case could be reopened by notice to the court no later than August

20, 2020.¹  The district court simultaneously referred the case to a magistrate judge for discovery and set a discovery deadline.  While the case was administratively closed, the district court proceeded to accept Defendants-Appellees' motion for judgment on the pleadings and to grant their motion to stay discovery.  Then, in February 2021, the court *sua sponte* terminated all pending motions on the ground that Plaintiffs-Appellants had not timely moved to reopen the case.  Plaintiffs-Appellants moved for relief from that order pursuant to Federal Rule of Civil Procedure 60(b)(6), which the district court denied on the basis that Plaintiffs-Appellants filed their motion approximately seven months after the August 20, 2020 deadline to reopen the case.  This appeal followed.  We otherwise assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision.

We review both a district court's decision to administratively close a case and its denial of a Rule 60 motion for abuse of discretion.  *See Rodriguez v. Gusman*, 974 F.3d 108, 112 (2d Cir. 2020) (administrative closure); *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (Rule 60 motion).  "An abuse of discretion occurs when a district court bases its ruling on an

---

¹ The notice, which applied to this case and *Passalacqua v. County of Suffolk*, another case in front of the district court, stated:

> All discovery in both cases shall be completed by August 10, 2020.  Discovery is referred to the magistrate judge.   In the interim, both cases are closed with leave to reopen on ten (10) days notice no later than August 20, 2020.
>
> The trial scheduled for March 30, 2020 in the *Nin* case is adjourned without date.  A status conference for both cases (for control date purposes) is set for November 4, 2020 at 11:15 a.m. in courtroom 1010 of the Central Islip courthouse.

Appellants' App'x at 14.

3

erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 234 (2d Cir. 2020) (internal quotation marks omitted).

We assume *arguendo* that Defendants-Appellees are correct that our jurisdiction is limited to the district court's denial of the Rule 60(b)(6) motion. Pursuant to Rule 60(b)(6), a district court may grant relief from an order or judgment "when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule." *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020) (internal quotation marks omitted). Rule 60(b)(6) "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (internal quotation marks omitted).

"[A]dministrative closure is only appropriate as a last resort when other alternatives are virtually impossible or so impractical as to significantly interfere with the operations of the district court or impose an unreasonable burden on the party opposing the plaintiff's claim." *Rodriguez*, 974 F.3d at 113. "[W]e have expressed a strong preference for resolving disputes on the merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (internal quotation marks omitted); *see also Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) (noting that the Court has "stated time and again that a trial court's desire to move its calendar should not overcome its duty to do justice").

The district court did not explain why the unusual procedural posture of this case and Plaintiffs-Appellants' claimed confusion about the circumstances of the closure did not constitute "extraordinary circumstances" warranting reconsideration of the closure. *Metzler Inv. GmbH*,

4

970 F.3d at 143. Nor did the district court explain why the Rule 60 motion was not brought in a reasonable time given that the district court had issued its first order indicating that it viewed the case as definitively closed approximately two weeks earlier. *See* Fed. R. Civ. P. 60(c)(1) (stating that a Rule 60(b)(6) motion must be made "within a reasonable time"). We view Plaintiffs-Appellants' lost opportunity for a decision on the merits of their claims as an extreme hardship. *Cf. Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) (per curiam) (observing, in the context of a dismissal for failure to prosecute, that such dismissals are "the harshest of sanctions" and "should be used only in extreme situations" (internal quotation marks omitted)). Notably, Defendants-Appellees did not oppose reopening, and they have not identified prejudice to themselves from reopening. *Cf. id.* at 216 (citing prejudice to defendants as a consideration in dismissals for failure to prosecute). Under these circumstances, the district court's denial of relief was outside "the range of permissible decisions." *Yukos Cap. S.A.R.L.*, 977 F.3d at 234 (internal quotation marks omitted).

      Accordingly, we **VACATE** the March 18, 2021 order of the district court and **REMAND** for further proceedings consistent with this order.

                                      FOR THE COURT:
                                      Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit