UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
  JENNIFER NIN and DIANNE TRITSCHLER,

                                           Plaintiffs,

   -against-

COUNTY OF SUFFOLK, WILLIAM WALSH,
MICHAEL KOMOROWSKI and KEVIN BURKE,

                                           Defendants.
------------------------------------------------------------------------X

**Docket No.:**
**19-cv-01546 (GRB)(SIL)**

**AMENDED VERIFIED COMPLAINT**

The plaintiffs, JENNIFER NIN and DIANNE TRITSCHLER, by their attorneys, HARFENIST KRAUT & PERLSTEIN LLP, sue to redress the violation of plaintiffs' rights under the Constitution and Laws of the United States and complaining of the defendants, COUNTY OF SUFFOLK, WILLIAM WALSH, MICHAEL KOMOROWSKI, and KEVIN BURKE allege:

## JURISDICTION AND VENUE

1.      This is an action under 42 U.S.C. Section 1983 to redress the depravation under color of statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured to plaintiffs by the First, Second, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America.

2.      Jurisdiction is conferred on the Court by 28 U.S.C. Section 1343(3) which confers original jurisdiction on Federal District Courts in suits to redress the deprivation of rights, privileges and immunities as stated in Paragraph 1 hereof.

3.      The plaintiffs demand a trial by jury.

AL/D491513/FL3459

## PARTIES

4. Plaintiff, Jennifer Nin ("Nin"), was and still is a United States citizen and resident of the County of Suffolk and State of New York.

5. Plaintiff, Dianne Tritschler ("Tritschler"), was and still is a United States citizen and resident of the County of Suffolk and State of New York.

6. Nin and Tritschler are blood relations, as daughter and mother, respectively.

7. Defendant, County of Suffolk ("Suffolk County"), was and is within the State of New York, and is within the territory of the United States and the Eastern District.

8. Defendant, Michael Komorowski ("Komorowski"), now retired, was employed as a Lieutenant and the commanding officer of the Suffolk County Police Department's ("SCPD") Pistol Licensing Bureau ("PLB"), and during his employment was a policy maker for Suffolk County, and acted under color of authority.

9. Defendant, William Walsh ("Walsh"), now employed as a Lieutenant and the commanding officer of the PLB, was before his promotion to Lieutenant a Sergeant and the PLB's Executive Officer, and as such was and is a policy maker for Suffolk County, and acted and continues to act under color of authority.

10. Defendant, Kevin Burke ("Burke"), was employed by the Town of Islip ("Town") as the then Director of Security for Long Island MacArthur Airport ("LIMA"), and supervised all armed Town Peace Officers and Security Guards stationed at LIMA.

## STATEMENT OF RELEVANT FACTS

**A.  Plaintiffs' Pistol Permits**

11. Starting in 2005, Nin was employed as a Peace Officer and Airport Security Guard with the Town of Islip and provided security services at Long Island MacArthur

2

Airport ("LIMA"), for which she was required, as a condition of her employment, to have and maintain a pistol permit.

12. Before Nin was employed by the Town, she had a pistol permit and continuously maintained the permit until the events alleged.

13. Tritschler, who was a retired Peace Officer, was issued a pistol permit and continuously maintained the permit in retirement until the events alleged.

14. Nin and Tritschler lived together for all events alleged.

**B.     Plaintiffs Surrender of their Handguns and Pistol Licenses**

15. On October 30, 2018, Nin had a verbal argument at LIMA while at work with non-party, Robert Finn ("Finn"), another Peace Officer and Airport Security Guard.

16. On October 30, 2018, Finn filed a police information field report (the "Field report") with the SCPD's Airport Operations Officers on duty, in which Finn complained of Nin's conduct.

17. The Field Report stated Nin's conduct, as alleged by Finn was non-criminal.

18. Upon information and belief, at the urging of Burke, who contacted the SCPD's 5TH Precinct Crime Section, the Field Report was upgraded to a purported criminal charge of Aggravated Harassment in the Second Degree under New York State Penal Law § 240.30.

19. On October 31, 2018, Burke ordered Nin to follow him to his LIMA office and seized and confiscated Nin's duty weapon – a Glock handgun. The seizure and confiscation of Nin's duty weapon was in the presence of and seen by two SCPD officers – Tim Burns ("Burns") and Eric DePrima ("DePrima").

AL/D491513/FL3459

20. Later the same day, Burke ordered Nin to return home and surrender her other two non-duty handguns - a Glock 26 and Smith & Wesson Body Armor - to Burns and DePrima, which order Nin complied with.

21. After going to Nin's home Burns and DePrima retrieved and took possession of Nin's other firearms and her pistol license.

22. Burns and DePrima also retrieved and took possession of Tritschler's firearms and pistol license.

23. Tritschler's firearms and pistol license were confiscated because she and Nin lived in the same home.

24. According to SCPD's Incident Report Continuation, Finn told the SCPD that he did not want to pursue criminal charges against Nin.

25. No criminal charges were ever filed against Nin for her verbal argument with Finn, and the SCPD classified the matter as "x-cleared."

26. But in a letter from the PLB dated November 1, 2018 and signed by Walsh, Nin was told: "As a result of an incident that occurred on Oct. 30, 2018, your Suffolk County pistol license is hereby suspended pending further investigation into your continued qualification to possess same."

27. No allegations of criminal conduct, bad behavior or other misconduct were ever made against Tritschler.

28. But Tritschler also received a similar letter from the PLB dated November 1, 2018 and signed by Walsh, which provided: "As a result of an incident that occurred on Oct. 30, 2018 involving a member of your household, your Suffolk County pistol license is hereby suspended pending further investigation into your continued qualification to possess same."

AL/D491513/FL3459

29. The SCPD and PLB statutorily or constitutionally could not seize Nin and Tritschler's handguns and suspend their pistol permits for the reasons stated in the two suspension notices.

**C.    Termination of Nin's Employment**

30. On November 16, 2018, following a meeting with staff officials from the Town of Islip at Islip Town Hall, Nin was fired from her employment as a Peace Officer and Airport Security Guard by the Town of Islip.

31. Nin was fired because the PLB's suspension of her pistol permit prevented her from meeting a requirement of her job title as a Peace Officer and Airport Security Guard.

**D.    PLB's Failure to Further Investigate the Alleged Charges Against Nin and Tritschler**

32. Despite seizing Nin and Tritschler's firearms and suspending their pistol licenses, PLB's investigations were never completed.

33. Upon information and belief, post-seizure of Nin and Tritschler's firearms and pistol licenses, PLB took no investigatory steps or measures about Plaintiffs.

34. Upon information and belief, PLB's investigatory officers never prepared a report for Komorowski and/or Walsh, which would have permitted Komorowski and/or Walsh, as PLB's commanding officer and executive officer, respectively, to decide whether Nin and Tritschler's pistol licenses should reinstated, suspended for a time certain as a monitoring period or punitive measure, or revoked.

35. PLB never rendered a final decision on the status of either Nin or Tritschler's investigation and/or license suspension.

36. Upon information and belief, there is no time limitation for PLB to finish an investigation and render a determination.

AL/D491513/FL3459

37. Nor are pistol licensees under a suspension allowed to have a hearing, as hearings are only reserved for licensees with their pistol permits revoked.

38. On or about September 13, 2019, following a status conference with Federal Judge Sandra J. Feuerstein, Nin and Tritschler's pistol licenses were reinstated and returned to them, together with their firearms. On reinstatement Nin was issued a sportsman's license, which was upgraded to a carry permit in 2024.

## AS AND FOR A FIRST CAUSE OF ACTION

39. That the acts and conduct alleged against Defendants in Paragraphs "1" through "38" are a denial of Nin's rights under the Second Amendment, and to due process.

40. Based on the alleged facts, a pistol licensee, like Nin, who has been accused of some misconduct purportedly justifying a restriction of her second amendment rights, is subject (i) to an unconstitutional seizure of her work-related and personal handguns and initial suspension of the licensee's pistol permit; and (ii) a post-suspension investigatory process by the County, SCPD and PLB that offers ineffectual due process safeguards to the pistol licensee.

41. Specifically, the investigative authorities have open-ended discretion, with little or no objective guidelines, for determining whether a pistol licensee, like Nin, who had a criminal complaint lodged against her, but the alleged charges were immediately dropped and no criminal prosecution started (i) should have her handguns seized and pistol permit suspended in the first place; and (ii) following the initial license suspension should receive a license reinstatement, a continuation of the suspension for monitoring or punitive reasons, or a license revocation.

42. There is no requirement that a pistol licensee receive a hearing unless a license revocation is ordered.

AL/D491513/FL3459

43. There is no requirement that PLB's investigation be completed within a prescribed time; meaning the suspension can continue indefinitely, or for almost one year in the case of Tritschler.

44. Nin's handguns were seized and her pistol license was suspended for almost one year without meaningful due process, which led to a violation of her constitutional rights and the termination of her employment with the Town of Islip as a Peace Officer and Airport Security Guard.

45. Because of the foregoing, Nin sustained and continues to sustain injury and damages including loss of income, loss of pension, loss of medical benefits, suffered fear, shock, fright, emotional distress and embarrassment all to her damage for which the defendants are liable jointly and severally.

46. The Defendants are indebted to Nin for an amount of money to be determined by a trier of fact for the constitutional rights violations of the Defendants.

## AS AND FOR A SECOND CAUSE OF ACTION

47. That the acts and conduct alleged against Defendants in Paragraphs "1" through "38" are a denial of Tritschler's rights under the Second Amendment, and to due process.

48. Based on the alleged facts, a pistol licensee, like Tritschler, who has not been accused of or charged with some misconduct purportedly justifying a restriction of her second amendment rights, is subject (i) to an unconstitutional seizure of her handguns and an initial suspension of the licensee's pistol permit; and (ii) a post-suspension investigatory process by the County, SCPD and PLB that offers ineffectual due process safeguards to the pistol licensee.

49. Specifically, the investigative authorities have open-ended discretion, with little or no objective guidelines, for determining whether a pistol licensee, like Tritschler, who has

admittedly not committed any offense or took part in any alleged misconduct (i) should have her handguns seized and pistol permit suspended in the first place; and (ii) following the initial license suspension should receive a license reinstatement, a continuation of the suspension for monitoring or punitive reasons, or a license revocation.

50. There is no requirement that a pistol licensee receive a hearing unless a license revocation is ordered.

51. There is no requirement that PLB's investigation be completed within a prescribed time; meaning the suspension can continue indefinitely, or for almost one year in the case of Tritschler.

52. Tritschler's license was suspended without meaningful due process and led to a violation of her constitutional rights.

53. Because of the foregoing, Tritschler has sustained injury and damages including fear, shock, fright, emotional distress and embarrassment all to her damage for which the defendants are liable jointly and severally.

54. The Defendants are indebted to Tritschler for an amount of money to be determined by a trier of fact for the constitutional rights violations of the Defendants.

**AS AND FOR A THIRD CAUSE OF ACTION**

55. That the acts and conduct alleged against Defendants in Paragraphs "1" through "38" are a denial of Nin's rights under the Second Amendment, and to due process.

56. The confiscation and seizure of Nin's handguns and pistol permit on October 31, 2018 was without statutory or constitutional authority, and violated Nin's rights under the Second Amendment, and to due process.

AL/D491513/FL3459

57. The illegal confiscation and seizure of Nin's handguns and pistol permit on October 31, 2018 was done with the active participation and substantial assistance of Burke, who ordered Nin to surrender her duty weapon to Burns and DePrima; and Burke further ordered Nin to go to her home and surrender to Burke and DePrima her two non-duty handguns.

58. Burke knew the orders to Nin to surrender her handguns to Burns and DePrima were wrongful and violated Nin's rights under the Second Amendment, and to due process.

59. Burke's wrongful actions were a substantial factor in causing harm to Nin, i.e., Burke's assistance made the tort easier to commit.

60. Because of the foregoing, Nin sustained and continues to sustain injury and damages including loss of income, loss of pension, loss of medical benefits, suffered fear, shock, fright, emotional distress and embarrassment all to her damage for which Burke is liable jointly and severally.

61. Burke, as an aider and abettor, is indebted to Nin for an amount of money to be determined by a trier of fact for the constitutional rights violations of the other Defendants.

**WHEREFORE:** Plaintiffs demand judgment against the Defendants:

A. Under 42 U.S.C. Section 1983 for compensatory damages in the amount to be determined by the triers of fact against the Defendants jointly and severally;

B. Against the individual Defendants for punitive damages in a sum to be determined by the triers of fact;

C. Reasonable attorneys' fees under 42 U.S.C. Section 1988 and this action's costs and disbursements; and

AL/D491513/FL3459

    D.    Such other and further relief as is considered proper.

Dated: Lake Success, New York
         July 24, 2025

                                      Respectfully submitted,

                                      HARFENIST KRAUT & PERLSTEIN LLP

By    *Steven J. Harfenist*
                                      Steven J. Harfenist
                                      Andrew C. Lang
                                      3000 Marcus Avenue, Suite 2E1
                                      Lake Success, New York 11042
                                      (516) 355-9600
                                      sharfenist@hkplaw.com
                                      alang@hkplaw.com

## ATTORNEY'S VERIFICATION

      ANDREW C. LANG, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalty of perjury: I am an attorney at HARFENIST KRAUT & PERLSTEIN LLP, attorneys of record for Plaintiffs, JENNIFER NIN and DIANNE TRITSCHLER, I have read the annexed AMENDED VERIFIED COMPLAINT and know the contents of them, and the same are true to my knowledge, except those matters which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief, as to those matters not stated upon knowledge, is based upon facts, records, and other pertinent information in the firm's files. This verification is made by me because Plaintiffs are not presently in the county where I maintain my offices.

Dated:  Lake Success, New York
         July 24, 2025

                                                *Andrew C. Lang*
                                                ANDREW C. LANG

AL/D491513/FL3459